## Wyinskie v. Philadelphia and Reading Coal and Iron Co., Appellant.

Argued December 10, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*George Ellis* and with him *B. D. Troutman* and *Jno. F. Whalen,* for appellant, cited: Ludington v. Russell Coal Mining Company, 90 Pa. Superior Ct. 318.

*Roger J. Dever,* for appellee, cited: Hughes v. American Int. S. S. Corp., 270 Pa. 27-30; Vorbnoff v. Mesta Machine Co., 286 Pa. 199.

Opinion by Linn, J., December 13, 1928:

Claimant, a miner, was injured at work May 5, 1919. Beginning May 19, he received compensation for total disability under an agreement approved by the board, until August 25, 1920 (63 weeks) when he signed a final receipt and returned to and continued at work, not as miner, but as laborer and at less wages than he received before his injury. So the matter stood

without suggestion of partial disability, until 354 weeks after May 19, 1919. He then filed a petition "to review the said agreement as provided in Sec. 413 of the Workmen's Compensation Act of 1919," on the ground that he had not recovered his health. He does not claim that total disability recurred. There is no averment that any fraud, coercion, other improper conduct of a party, or mistake had resulted in the execution of the agreement (Sec. 413, 1919, P. L. 661) or of the final receipt (Sec. 434, P. L. 669).

Evidence was taken and the referee made the following finding: "We find that the claimant signed the final receipt by mistake." An order was made requiring payment of compensation for partial disability for the period of 300 weeks following May 19, 1919, less the 63 weeks during which claimant had received compensation for total disability.

On appeal the board said "The record ...... contains no evidence that claimant was laboring under any mistake of fact or law or was the victim of coercion or fraud when he signed a final receipt and resumed work." That conclusion, of course, negatived the finding that the receipt was signed by mistake, quoted from the report of the referee. Notwithstanding that however, the board concluded its report by stating that "the referee's findings of fact are affirmed; the conclusions of law and award are set aside and the appeal sustained." On the appeal to the common pleas the court quoted the testimony concerning the execution of the receipt and said "from it the referee made his findings that the receipt was given by mistake which finding the board affirmed." That contradiction in the report of the board makes it impossible for us to review the case on the merits: it is essential to have a clear finding on the subject. We are therefore constrained to apply section 427 of the Act (1919 P. L. 642, 666) authorizing the court "if the findings of the board or referee are not, in its opinion, sufficient to

enable it to decide the question of law raised by the appeal'' to remit the record for more specific findings of fact: Allen v. Bill's Tire Shop,        Pa. Superior Ct.

It is settled that after 300 weeks (Sec. 306b, 1915, P. L. 736, 742) in the absence of fraud or any of the other contingencies specified in sections 413 and 434, supra, (the Act of April 13, 1927, P. L. 186, is not involved in this appeal) liability for partial disability ceases, (Ludington v. Russell Coal Mining Co., 90 Pa. Superior Ct. 318), and no award can be made.  If, therefore, the receipt was not signed by mistake as the board found in one part of its report, the application for relief came too late, 354 weeks after the obligation to pay arose.  On the other hand, if signed by mistake, as the board may also be understood to have found by its affirmance of the findings of the referee, the application would seem to be in time, not however for the reasons stated by the court below, but because a final receipt, executed by mistake, may be set aside under section 434 supra, although the applicable period during which compensation might have been payable (whether 300 or 500 weeks, depending on the character of disability) has elapsed.  The court below, on the authority of Gairt v. Curry Coal Mining Company, 272 Pa. 494, (a case of total disability), was of opinion that because the act imposed liability for total disability for 500 weeks, claimant's petition in this case was in time (though based on a claim for partial disability), but that is incorrect because it is inconsistent with section 306 (b) supra, providing ''This compensation shall be paid during the period of such partial disability; not, however, beyond 300 weeks after the fourteenth day of such total disability.  Should total disability be followed by partial disability, the period of 300 weeks mentioned in this clause shall be reduced by the number of weeks during which compensation

174

was paid for such total disability." See Ludington v. Russell Coal Mining Co., supra.

The judgment is reversed and the record is returned to the court below with instructions to remit the record to the Workmen's Compensation Board for further hearing and determination as prescribed by law; costs to abide the result.