Bogdon, Appellant, *v.* Susquehanna Collieries Co.

Argued October 26, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Roger J. Dever,* for appellant.

*Henry A. Gordon,* and with him *T. G. Wadzinski,* for appellee.

OPINION BY PARKER, J., February 1, 1934:

In this workmen's compensation case the claimant, John Bogdon, presented a petition for review of a compensation agreement. The court of common pleas, from which this appeal comes, entered judgment for the defendant on the ground that the petition was presented too late, reversing an award by the referee and compensation board.

A brief statement of the facts will furnish a solution of the question involved. The claimant met with an accident in the course of his employment on August 12, 1928, and on August 31, 1928, an open agreement was entered into. Compensation was paid for total disability for a period of four weeks and one day, when on September 17, 1928, claimant gave a final receipt and returned to work. On June 1, 1932, the claimant presented a petition for review, the effect of which was to ask compensation for disfigurement. The board, affirming an award of the referee, found that claimant was entitled to compensation and fixed the period at fifteen weeks at the rate of $15 per week;

beginning August 19, 1928, and allowing credit for compensation previously paid. A period of about 193 weeks lapsed between the time the final receipt was executed, when the disfigurement was present, and the time the petition for review was presented.

Section 306 (c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by Act of April 13, 1927, P. L. 186 (77 PS 513), provides, in part, as follows: "For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: For serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-five per centum of wages not to exceed one hundred and fifty weeks." After referring to the case of Gairt v. Curry Coal Min. Co., 272 Pa. 494, 116 A. 382, we said in the case of Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731: "As to partial disability the law fixes a limit of compensation, of 300 weeks, and the jurisdiction of the board for the purposes of review [even in the case of a mistake] in cases of partial disability would accordingly be limited to 300 weeks, which is the time 'the agreement or order has to run,' under the law, in cases of partial disability." Also, see Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 98; Wyinskie v. P. & R. C. & I. Co., 95 Pa. Superior Ct. 170; and McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 168 A. 691. Giving the claimant the full benefit of the time from which the compensation for disfigurement might be calculated and likewise allowing the full 150 weeks during which compensation could be allowed under Section 306 (c), the period of time "the agreement or order has [had] to run" was exceeded by 43 weeks. We are all of the opinion the claim was presented too late, even if the

claim might have otherwise been sustained, which supposition it is not necessary to consider.

The judgment of the lower court is affirmed.