## Lesnefski v. Coxe Brothers & Company, Inc., Appellant.

Argued March 5, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John H. Bigelow*, for appellant.

*Roger J. Dever*, for appellee.

Opinion by Baldrige, J., April 23, 1934:

As a result of an injury sustained by the claimant in the course of his employment on February 1, 1930, the defendant entered into a compensation agreement on March 24, 1930, providing for total disability compensation at the rate of $15 per week for an indefinite period, beginning February 10, 1930. On September 8, 1930, defendant filed a petition to terminate this agreement, and, after hearing was had, the referee, on February 27, 1931, ordered that the agreement be

terminated as of September 8, 1930. The board on appeal ordered that the agreement be modified rather than terminated, and remitted the record to the referee for a further hearing. On November 10, 1931, after a second hearing, the referee rescinded his order of February 27, 1931, and directed that the agreement be modified and partial disability compensation paid at the rate of $12.42 per week from July 18, 1930, to July 29, 1931, amounting to $668.91. The action of the referee was affirmed, and a final receipt was signed March 28, 1932, for $767.48, which included 6 weeks and 4 days for partial disability at $15 per week, amounting to $98.57, and 53 weeks and 6 days partial disability at $12.42 per week, amounting to $668.91. On April 5, 1932, the claimant filed another petition asking that he be paid the balance of the compensation due him for total disability from February 1, 1930, to July 18, 1930, for which he had received only $98.57, during which period it was adjudged he was totally disabled. The defendant denied that a final receipt had been issued under a mistake of fact or law, as it was based upon an award which was not appealed from. A hearing followed on June 6, 1932, and the referee held that while it was not expressly stated, impliedly, the defendant was expected to pay the claimant for total disability under the original agreement, to July 18, 1930, the date of modification, and held that the claimant was entitled to receive the unpaid compensation for total disability to that time, amounting to $338.57, subject to a credit for the amount paid under the original agreement, thus modifying the order of November 10, 1931. There is no question that from February 1, 1930, to July 18, 1930, the original agreement was in force, and under its terms the claimant was entitled to receive compensation for total disability to the date it was modified, and the defendant was legally obligated to pay the same and had not done so. As Judge VALENTINE, in his opinion affirm-

ing the board, said: "This liability was in nowise affected by the presentation of defendant's petition to terminate on September 8, 1930. The payment of partial disability compensation from July 18, 1930, to July 29, 1931, did not relieve defendant from the duty of performing its obligation in full. The order of the referee and the board is conclusive as to the period involved (Johnson v. State Workmen's Ins. Fund, 100 Pa. Superior Ct. 12), but the period from February 1, 1930, to July 18, 1930, was not involved."

It is clear that the claimant made a mistake in executing a receipt, acknowledging it to be the final compensation for injuries received on the 1st of February when there were still due him monies for the period he was totally disabled. A final receipt given by an employee under a compensation agreement or award is but prima facie evidence of the termination of the employer's liability to pay compensation. The board or referee may at any time set aside a final receipt before the expiration of the period for which he would be entitled to be compensated under section 306 (b) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186 (77 PS §512), provided action is taken under section 434 (77 PS §1001) within that period: Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 173, 164 A. 731.

As the time for which claimant was entitled to be compensated had not expired, the referee had authority to modify the award, as it was founded upon a mistake of fact.

Judgment affirmed.