## Best v. Shawnee Mining Company et al.

*John C. Forsyth*, for claimant.

*Liveright & Smith*, for defendant.

SMITH, P. J., November 2, 1934.—This case arises on an appeal from the Workmen's Compensation Board. After a compensation agreement covering a period of total disability immediately following the accident, an award was made to the claimant on the basis of a permanent partial disability in the sum of $12 per week. The 300-week period expired on June 9, 1933, and the claimant has been paid in full to the expiration of that period. On December 12, 1933, he filed a petition for review alleging that he is now permanently and totally disabled as a result of the accident. The referee dismissed the petition on the ground that it was barred by section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, not having been filed within the 300-week period. The Workmen's Compensation Board reversed the referee's decision, setting aside his conclusion of law and finding that the petition was filed in time because filed within the period of 500 weeks fixed for total disability, an award being made accordingly. The defendant has appealed from the board's award.

There appears to be no question of fact. The board adopted the referee's findings of fact to the effect that at the time of the hearing, which was March 22, 1934, the claimant's condition was that of total disability, and that this total disability had come about as the result of his progressively becoming worse from the time of the award of permanent partial disability in 1928, at which time he was found able to do light work. The injury primarily responsible for this was to the brain and, according to the referee's finding, the claimant has "but the mind of a child" and "is both mentally and physically disabled for all practical and industrial purposes."

The view taken by the referee and contended for by the defendant is that because of the award on the basis of partial disability, the time limit for presenting a petition for review expires with the expiration of the 300-week period that the partial disability has to run. The defendant cites in support of this the cases of Lesnefski v. Coxe Bros. & Co., Inc., 113 Pa. Superior Ct. 110, Ludington v. Russell Coal Mining Co. et al., 90 Pa. Superior Ct. 318, Wyinskie v. Philadelphia & Reading Coal & Iron Co., 95 Pa. Superior Ct. 170, and Zupicick v. Philadelphia & Reading Coal & Iron Co., 108 Pa. Superior Ct. 165.

After consideration of these cases as well as others, particularly Hudyck v. Wyoming Shovel Works et al., 299 Pa. 182, and Gairt v. Curry Coal Mining Co. et al., 272 Pa. 494, 497, we agree with the conclusion of the Workmen's Compensation Board that if the petition is filed within 500 weeks it is filed in time. The following language from the case of Gairt v. Curry Coal Mining Co. et al., supra, seems particularly applicable: "When a workman is injured and a compensation agreement is entered into, it is within the minds of the parties, or at least the law imputes the intention to the parties, that such agreement may run 500 weeks, if the injury develops total disability for that length of time; so that, when the board, either of itself, or by one of its referees, relieves the employer of such payment, it merely suspends that payment or that obligation, waiting further developments of injuries." It would seem to follow that the order of the referee in 1928, fixing this case as a permanent partial disability case, the result of which was to suspend the employer's liability partially, could not have the effect of changing the limit fixed by the law, if in fact the employe's injury later developed, as is established here, from a partial to a total disability case.

In the cases cited by the defendant there was no question of a total disability, only a partial disability being in question, and in such cases the limit is clearly 300 weeks.

The following language in the opinion in Zupicick v. Philadelphia & Reading Coal & Iron Co., 108 Pa. Superior Ct. 165, 169, seems conclusive on the question here presented: "This second paragraph [of section 413] was affected by the amendment of 1927 . . . by fixing a time limit within which the review, modification and reinstatement could be applied for, viz., as to agreement or awards under section 306 (c), which were for a definite period, during the time the agreement or award was to run; as to all other agreements or awards . . . within one year after the date of the last payment of compensation". In other words, there are two classes of cases as to which two different limitations are stated. The one class is for injuries under section 306(c) where there is one of the classes of injuries therein set forth for which payment must be made for a definite period of time irrespective of whether there is any disability at all, either partial or total, the limitation in such cases being that any application for review, modification or reinstatement must be presented within the fixed period. In the other class of cases, those under 306(a) which are total disability cases, and those under 306(b) which are partial disability cases, the limitation is that the petition must be presented within 1 year after the date of the last payment of compensation. There is another limitation applying to cases under paragraphs (a) and (b) which arises, not from section 413, but from the language of sections 306(a) and 306(b) themselves, that is, the fixing of the maximum limit of compensation under paragraph (a) at 500 weeks and under paragraph (b) at 300 weeks. The construction urged by the defendant in the instant case would ignore the difference between a definite period fixed under paragraph (c) and a maximum period fixed under paragraphs (a) or (b), and would seek to apply the limitation stated by section

413, where there is a definite period, to cases where the period is indefinite and limited only by the maximum under paragraphs (a) or (b) as the case may be. That the cases may pass from a total disability classification under paragraph (a) to a partial disability classification under paragraph (b) and vice versa, from a partial to a total classification, is clearly contemplated by the language of the act, and the decisions thereon are so numerous as to require no discussion. That the previous award on the basis of a partial disability would not operate to bar action by a petition alleging total disability would seem to further appear from the case of Hudyck v. Wyoming Shovel Works et al., 299 Pa. 182, where, after an employe being compensated for the loss of an eye the definite period of 125 weeks, and long after that period had ended, but within the period of 500 weeks, a petition was presented alleging that a sympathetic infection developed in the claimant's other eye which resulted in its loss, and that thereby he became totally disabled, and the award made thereunder was sustained. Notwithstanding the exception of eye injuries from the language of section 413 this case seems to be an authority for the proposition that there is jurisdiction to make a total disability award so long as the maximum limitation of 500 weeks has not expired, even though in an award previously made the case was treated under another classification than that of total disability. Stating it otherwise, the jurisdiction is determined by the fact and not by the previous award.

The defendant also contends that the findings of fact are not sufficient to sustain the award made, in that there is no finding, either by the referee or the board, as to when the total disability began. The record contains findings that a disability existed in 1928 to such an extent as to sustain a finding of the maximum compensation of $12 per week; that on March 22, 1934, the date of hearing, this had increased to total and permanent disability; that the increase from the partial disability to a total one was progressive from the 1928 award to the one in 1934. Necessarily it would be difficult, if not impossible, to fix an exact date when the disability might be found to have become total. In any event it would not change the weekly liability nor the extent of the disability upon which it was based. The facts as to the extent of disability upon which is based the weekly award are fully established of record. The only new fact established is that the disability became a total one, and the only effect of this is to extend the maximum limit the award has to run. No new kind of liability is awarded against the defendant, and the only new fact necessary to extend the period of liability is definitely proved and found by the referee and the board.

## Order

Now, November 2, 1934, in accordance with the opinion filed herewith, the award of the Workmen's Compensation Board dated July 20, 1934, is hereby affirmed and the assignments of error dismissed, and it is directed that judgment be entered in favor of the claimant and against the defendant for the total amount of accrued and future instalments thereunder, to wit $12 per week for a period of 200 weeks, making the total sum of $2,400, payable in accordance with the award of the Workmen's Compensation Board or any award or order made in future and applicable thereto.