## Repper *v.* E. Eichelberger & Company, Appellant, et al.

Argued October 28, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George G. Patterson,* with him *Frank E. Colvin,* for appellant.

*J. Colvin Wright,* for appellee.

OPINION BY BALDRIGE, J., November 20, 1935:

The claimant in this workmen's compensation case was injured February 16, 1933, by being struck on the left testicle with a pick handle while digging overhead shale in a coal mine of the defendant. He filed a claim, and was awarded total disability compensation for three weeks and fifty per cent permanent partial disability thereafter, based on his working one day a week. On August 24, 1933, the claimant petitioned the Workmen's Compensation Board for a rehearing, on the ground that the weekly wage rate in his award was erroneous. On November 17, 1933, the board granted a rehearing and remanded the records to the referee for that purpose. A hearing was fixed for December 14, 1933, but neither the claimant nor counsel in his behalf appeared. The transcript of the proceedings shows that the referee sustained a motion to dismiss the petition for lack of prosecution, but no such return was made to the bureau, and there is no docket entry of this attempted hearing or of the dismissal of the proceedings. The next entry after the order of November 17, 1933, is June 6, 1934, the date of the hearing before the referee at Bedford.

On November 1, 1933, the date on which the claimant resumed work, he was called to the office of the defendant, tendered a check, and was asked to sign a paper, as a matter of form, in order for him to lift the check. He did not read this writing, as it was represented, according to his testimony, to be no different in form from other intermediate receipts he had signed.

It will be noted that a petition for a rehearing was pending at that time. The referee evidently did not

consider that the proceeding before him had terminated, notwithstanding his note of dismissal on the transcript of the proceedings, as he held an additional hearing, at which defendant appeared and made no objection to the regularity of this action. A week later the referee filed his order, wherein he awarded the same compensation as in his former order, except that the rate was based on a five-and-one-half-day week instead of a one-day week, due to the opinion of the Supreme Court in Romig v. Champion Blower & Forge Company, 315 Pa. 97, 172 A. 293, reversing this court, which was called to the referee's attention. On appeal, the award was sustained by the board, and the court of common pleas, in turn, overruled the exceptions and entered judgment in accordance with the findings of the compensation authorities.

The appellant argues that there was not sufficient evidence to show that the final receipt was signed by claimant under any mistake of law or of fact; that at the hearing on August 2, 1933, there was medical testimony as to the nature, extent and effect of the claimant's injury; that at the hearing on June 6, 1934, the testimony did not show the claimant's physical condition to be any different from what it was at the time the final receipt was filed; and that, therefore, under DeJoseph v. Standard Steel Car Co., et al., 99 Pa. Superior Ct. 497; McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 168 A. 691; and Palino v. Hazle Brook Coal Co., 112 Pa. Superior Ct. 15, 171 A. 82, he failed to meet the burden of showing that a mistake of law or of fact existed at the time the final receipt was filed, and thus did not bring himself under section 434 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended June 26, 1919, P. L. 642 (77 P S §1001).

We think it is not necessary to discuss the question whether there was proof of a mistake of fact, as, un-

doubtedly, there was a mistake of law. The referee, in fixing claimant's compensation, based the award on a one-day-a-week rate, which proved to be erroneous. It was a mistake of law existing at the time the receipt was signed, as the award should have been made on a different basis from that fixed by the referee, and, therefore, the provisions of section 434 apply. That mistake of itself was sufficient cause to set aside the receipt and grant a rehearing. Utmost liberality as to such matters is extended to a claimant: Fedak v. Dzialdowski, 101 Pa. Superior Ct. 346. When a rehearing is once granted, the board has ample power; it is unrestricted in receiving additional competent testimony and granting such relief as justice may require, subject only to the limitations within the act: Manley v. Lycoming Motors Corp., etc., 83 Pa. Superior Ct. 173.

We find no sufficient reason for disturbing the conclusion reached by the learned court below.

Judgment is affirmed.