Bencho, Appellant, *v.* Glen Alden Coal Company.

Argued March 2, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Roger J. Dever,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellee.

534

Opinion by Baldrige, J., April 16, 1936:

The claimant in this workmen's compensation case was injured in the course of his employment, January 24, 1934. He entered into an open agreement with his employer under section 306(a) of the Workmen's Compensation Act (77 PS §511), wherein his injuries were described as "lacerated forehead, scalp, mouth and chin; bruise and abrasion of chest, back and right hip, chip fracture metacarpal of left thumb. Squeezed between car and rib when he fell while jumping on car."

Compensation was paid for a period of 4-4/7ths weeks at the rate of $11.32 per week, amounting to $51.74. A final receipt, dated August 3, 1934, was executed and duly approved by the board. On the 29th of September, 1934, within the statutory time (Bogdon v. Susquehanna Col. Co., 111 Pa. Superior Ct. 491, 170 A. 405), the claimant filed a petition to set aside the final receipt, alleging that he is entitled to additional compensation for disfigurement due to the injuries sustained. After a hearing was had, the referee found that the claimant had a linear scar 1½ inches long in the middle of his forehead and five parallel scars, each ¾ inch long, on the right side of his chin; that they were serious, permanent and of such a character as to produce an unsightly appearance and such as are not usually incident to the employment, thus bringing his injuries within section 306(c) (77 PS §513). Accordingly, an award for ten weeks was made in favor of the claimant for disfigurement, giving the employer credit for the payments made under the open agreement. The board affirmed the referee, but the court of common pleas, upon appeal, reversed the board and directed judgment to be entered in favor of defendant on the ground that as the claimant's disfigurement was present when the final receipt was executed there did not exist a mistake of law or of fact as contemplated by section 434 (77 PS §1001).

The burden of proof was on the claimant to establish his right to have the final receipt set aside, by sufficient evidence—that is, evidence reasonably satisfactory that a mistake in fact or law had been made: Shuler v. Midvalley Coal Co., 296 Pa. 503, 506, 146 A. 146. It was the duty, therefore, of the compensation authorities to find specific facts, sufficient to warrant their action in granting further compensation, so that a reviewing court could determine whether the evidence supported the findings and if the law had been properly applied: Poellot v. B. & O. R. R. Co., 109 Pa. Superior Ct. 471, 167 A. 497. Notwithstanding the all-important question involved here is whether or not there was a mistake when the final receipt was signed, we have no definite finding as to that matter. It may well be there was such a mistake that justified the additional compensation, but that fact should have been found.

The major injury in this case, as finally determined by the compensation authorities, was disfigurement, yet, on the face of the receipt, this part of the claimant's injuries was evidently not considered or included therein as it seems to have been based entirely upon the loss of wages. It may reasonably be concluded that it was known at the time the receipt was executed that the claimant had been disfigured by the accident, but, why was he not compensated therefor? If, in the execution of receipts of this character between an employer and a claimant, an element which should have been properly considered in determining the extent of compensation to be paid is omitted, such omission may amount to a mistake within the intendment of section 434, but whether it does or does not necessarily depends upon all the circumstances under which it occurred. The tendency of our courts is to look with indulgence on efforts to reach the real merits of a case so that the final judgment may be warranted by the actual facts: Fedak v. Dzialdowski, 101 Pa. Superior Ct. 346;

Greeby v. Phila. Asbestos Co., 120 Pa. Superior Ct. 9, 181 A. 452.

We held in Tinsman v. Jones & Laughlin Steel Corp., 118 Pa. Superior Ct. 516, 180 A. 175, that if an employee has additional injuries to those covered by the compensation agreement and receipt, and provisions for compensation were deliberately not made therefor, it is fraud on the employee, unless the latter was fully informed of all the circumstances and signed the agreement with full knowledge that he was thereby deprived of his legal rights. In Walsh v. Glen Alden Coal Co., 99 Pa. Superior Ct. 58, the claimant suffered a broken leg and abrasions of the face. Permanent facial discolorations resulted. A compensation agreement for payment of total disability due to the broken leg was made and a final receipt was executed, which did not include disfigurement. A petition for review of the agreement, claiming additional compensation for disfigurement, was presented. Final receipt was set aside, the agreement modified, and an award was granted for disfigurement for seventy-five weeks, subject to a credit for the compensation paid, which we affirmed. In Repper v. Eichelberger & Co. et al., 120 Pa. Superior Ct. 19, 181 A. 379, where compensation was fixed on the basis of one-day-a-week employment instead of five-and-a-half, we held, following the decision in Romig v. Champion Blower & Forge Co., 315 Pa. 97, 172 A. 293, that that was a mistake of law existing at the time the receipt was signed as the claimant was actually entitled to more compensation than he was awarded. We sustained the board in opening an agreement in Kitchen v. Miller Bros. Co. et al., 115 Pa. Superior Ct. 141, 174 A. 919, where the claimant was induced by the improper conduct of a representative of his employer to sign an agreement for compensation for the loss merely of his index finger, whereas he had also suffered the loss of the industrial use of his thumb.

It may be that at a further hearing it will be shown that the question of disfigurement was discussed and that both parties contemplated it was to be covered by the receipt. If that was the fair understanding, there was no mistake; they could have agreed on an amount for disfigurement under section 407 (77 PS §731). No definite sum is fixed therefor under section 306(c) as in the case of the loss of a leg, arm, etc.

The views heretofore expressed are not in conflict with any of our former decisions. In Baluta v. Glen Alden Coal Co., 109 Pa. Superior Ct. 66, 165 A. 764, the agreement expressly included disfigurement. In Tubbs v. O. T. Oil Co., 114 Pa. Superior Ct. 375, 174 A. 836, the claimant was awarded compensation for the loss of a finger. He filed a petition for review, alleging a greater injury to his hand than that for which he was compensated. The testimony showed that after the signing of the final receipt there was no change in his condition or additional disability to that of the hand. Judge JAMES, speaking for the court, there said (p. 378) : "An examination of the testimony shows that claimant did not attempt to prove that any mistake had been made at the time of the execution of the original agreement nor did the referee make any finding that the agreement had been founded upon a mistake of law or fact." In Reichner v. Blakiston's Son & Co. et al., 115 Pa. Superior Ct. 415, 175 A. 872, the claimant's leg was injured and he alleged in his petition for review that subsequently he suffered from a heart condition, for which he sought compensation. We held that there was no evidence to support the finding that claimant was suffering from a weakened or abnormal heart condition at the time he signed his final receipt.

Judgment is reversed, and the lower court is directed to remit the record to the board for further proceedings not inconsistent with this opinion.