## Grafton v. West Leechburg Steel Co. et al.

*Murray J. Jordan, Frederick J. Jordan* and *E. O. Golden,* for appellant insurance carrier.

*Clarence Patterson* and *C. O. Morris,* for appellee.

GRAFF, P. J., September 30, 1939. — This matter comes before us upon an appeal from a decision of the Workmen's Compensation Board, awarding compensation to the claimant in this case.

On December 29, 1934, claimant suffered an accident in the course of his employment, which resulted in an injury to the index and middle fingers of his right hand. Thereafter, on January 5, 1935, an open agreement was executed, by the terms of which the claimant received compensation to March 23, 1935, upon which date he returned to work. On April 1, 1935, claimant signed a receipt, made out on the printed forms used for final settlement receipts.

On June 21, 1937, claimant filed a petition to set aside the alleged final receipt, under the provisions of sec-

tion 434 of the Act of June 26, 1919, P. L. 642, in which he stated that he returned to work at the request of the defendant's doctor, who advised him that his finger would become entirely cured through use, but, on the contrary, that its use had been entirely destroyed for all industrial purposes. The referee was of the opinion that the petition was barred by the statute of limitation, and consequently dismissed the same. Upon appeal to the board, this decision was reversed, and the board allowed compensation, under section 306 (c) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, for a period of 35 weeks, because of the loss of an index finger for all industrial purposes. Whether the decision of the compensation board can be sustained depends entirely upon whether a final receipt was executed by claimant.

The blank form is filled out in such a manner as to be unintelligible. It reads, in part, as follows:

"Received of April 1, 1935, Pgh., Pa., the sum of West Leechburg Steel Co. ($24.57), being the final payment of compensation due me under the Workmen's Compensation Law for all injuries received by me on or about the 3/2/35 day of    while in the employ of West Leechburg Steel Co. making in all, with the payments heretofore received by me, the total sum of $24.57 from 3/2/35 to 3/22/35 ($    ), covering a period of rate of $8.19 per week.

"My disability began on the    day of    19—, and I returned    to work on the    day of    19  , at a wage of $    per week. Subject to review by the Workmen's Compensation Board."

If this be considered as a properly executed final receipt, claimant is barred, for the reason that he has not presented this petition within a period of 35 weeks from the date of the agreement: Bogdon v. Susquehanna Collieries Co., 111 Pa. Superior Ct. 491; Kitchen v. Miller Bros. Co. et al., 115 Pa. Superior Ct. 141, 145; Kessler v. North Side Packing Co. et al., 122 Pa. Superior Ct. 565, 570.

The board concluded that, since the alleged final receipt had not been approved by the bureau, it was null and void. It is true that, under The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, sec. 1, it is required that a final receipt be approved by the bureau. This, however, was not a requirement prior to the passage of this act. An examination of the "receipt" signed by claimant discloses that it was improperly filled out in almost every respect, if it was desired to make a final receipt. The receipt, for a definite sum of money, is only that from March 2, 1935, to March 22, 1935. The date of the injury is not correctly stated, and the amount stated as being received by claimant is followed by "rate of $8.19 per week". Following this, the blanks of the receipt are not filled out in any respect.

The burden is upon defendant to present a properly executed final receipt, concerning which there can be no question, if it desires claimant to be bound thereby. The writing should be considered most strongly against the person who actually drew the same. Under all the circumstances we are of the opinion that the writing signed by claimant on April 1, 1935, cannot be considered as a properly executed final receipt. This being true, and in view of the fact that no petition for termination was ever filed by defendant, the agreement executed by the parties on January 5, 1935, is an existing open agreement, which has stood in abeyance since defendant ceased to make payments of compensation thereunder.

The petition in this case was filed two years and six months subsequent to the injury, or more than 35 weeks subsequent to the time of the execution of the agreement. Under ordinary circumstances a compensation claim under section 306 (c) of The Workmen's Compensation Act must be filed within the period for which fixed compensation is paid, otherwise it is a bar to any recovery. This is not the situation when we are consid-

ering existing agreements. The agreement in this case had not been properly terminated, and it is clear under the authorities that in such event compensation will be allowed for a fixed period, although the time designated in such a period has expired. The case of Kessler v. North Side Packing Co. et al., supra, controls this question. There the Superior Court allowed compensation for the industrial loss of a right arm for the period designated in the act of 215 weeks. The petition asking for a review was not filed until three days before the expiration of the 300-week period for which partial disability was agreed upon. The lower court held that, since the petition was not filed within a period of 215 weeks from the date claimant sustained a permanent loss of the use of his arm, he was barred from claiming further compensation because of the running of the statute. The action of the lower court was reversed and compensation allowed, the court stating, at page 570, as follows:

"As the petition was filed within 300 weeks from the tenth day after the accident, their conclusion of law was, under all the authorities, clearly erroneous. It seems to have been due to their failure to distinguish between existing agreements and those which have been terminated by a final receipt or an order of the board, and also between open agreements under Section 306(a) or 306(b) and agreements for a 'definite period' under 306(c)."

Claimant has lost the industrial use of his right index finger, for which he has not received proper compensation. We are of the opinion that the alleged final receipt can only be considered as a receipt for a payment then due, and not in any sense a final settlement as contemplated by The Workmen's Compensation Act, and consequently the agreement executed by the parties is an existing agreement. Under such circumstances, claimant is entitled to be compensated as requested in his petition.

*Order*

And now, September 30, 1939, after due consideration, the exceptions to the rulings of the Workmen's Compensation Board are overruled and dismissed, and its decision sustained, and judgment is now entered in favor of claimant and against defendant in the sum of $314.76, being compensation at the rate of $8.19 per week for 35 weeks, for industrial loss of use of an index finger, in the sum of $286.65, plus interest on deferred payments in the sum of $28.11; defendant to receive credit for compensation already paid in the amount of $90.09.