Boyle, Appellant, *v.* Mill Creek Coal Company.

Submitted December 12, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

Roger J. Dever, for appellant.

Roy P. Hicks and G. Harold Watkins, for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:

The claimant in this workmen's compensation case was, on December 15, 1927, injured in the course of his employment, receiving lacerations and contusions of the head by being struck with a piece of electrical apparatus. An agreement was entered into and compensation was paid until March 2, 1928, and the claimant returned to work ten days thereafter.

On March 3, 1930, about two years later, the claimant signed a final receipt. On April 19, 1937, he filed a petition to set aside the final receipt, on which this proceeding is based, alleging that it was signed under a mistake of fact and law; that the injuries he sustained resulted in permanent scars, constituting a disfigurement, of which the defendant had knowledge when receipt was executed, and for which he had failed to compensate him. The referee made an award of compensation, which was sustained by the board, on the theory that the statute of limitations, which was set up by the defendant, was tolled by the conduct of the defendant in "deluding the claimant into a sense of security" until the statutory limitation had passed.

Upon an appeal, the court sustained exceptions and

entered judgment for the defendant, whereupon the claimant appealed to this court.

We have held repeatedly that, under section 434, Article IV, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by section 6 of the Act of June 26, 1919, P. L. 642 (77 PS sec. 1001), which is the appropriate statute as the Act of June 4, 1937, P. L. 1552, was not effective when the petition in this case was filed, a petition to set aside a final receipt is too late if it is not filed within the period of time an agreement for the particular disability would run. In this case would be 150 weeks for permanent disfigurement under section 306 (c) of the Act of April 13, 1927, P. L. 186 (77 PS sec. 513). See *Bogdon v. Susquehanna Collieries Co.*, 111 Pa. Superior Ct. 491, 170 A. 405; *Nigbrowich v. State Workmen's Insurance Fund et al.*, 131 Pa. Superior Ct. 532, 200 A. 282; *Rednock v. Westmoreland Coal Co.*, 132 Pa. Superior Ct. 89, 200 A. 114.

The claimant, in explanation of his prolonged delay in moving for relief, testified that he had an infection in his head until 1933, of which the defendant had knowledge. He stated that Mr. Gisriel, representing the defendant, told him to wait until the infection cleared up and then he would settle with him. He admitted, however, that later, sometime during the last week of June, 1933, Gisriel informed him he was sorry but the company would not make settlement and that he should go before the compensation board. There can be no question that the claimant then knew defendant denied further liability. There was no allegation or proof of any subsequent conduct, statements, or representations made by the defendant that would toll the running of the statute. He was in no way deceived or misled by the defendant, as was the claimant in *Horton v. The West Penn Power Co. et al.*, 119 Pa. Superior Ct. 465, 180 A. 56.

On July 12, 1933, the claimant stated that he sent a petition to the board and, as he received no acknowledg-

ment of its receipt, sometime in 1934, no month being mentioned, he forwarded another petition to the board. The compensation board has no record of receiving either of them. He failed to call, in corroboration, the two witnesses, who he said were present when he forwarded each of these petitions. The referee and the board seemed to have carefully avoided expressly finding that the claimant had sent the two petitions to which he testified. In any event, the nonreceipt of the petitions and his failure to pursue his remedy diligently cannot be attributable to any declarations or conduct on the part of the defendant. Whatever may have happened after the last week of June, 1933, the defendant is in no way responsible. Nothing appears on the record that bars defendant from invoking the limitation of 150 weeks after June, 1933.

We are in accord with the conclusion of the court below that the statute of limitations to this petition, filed on April 17, 1937, is a good defense.

Judgment of the court below is affirmed.