233 P.2d 457

**FIDLER v. INDUSTRIAL COMMISSION**
*et al.*

No. 5483.

Supreme Court of Arizona.

July 2, 1951.

Andrew L. Bettwy, Phœnix, for peti-· tioner.

H. S. McCluskey, for respondent Indus-· trial Commission, Robert E. Yount and Donald J. Morgan, Phœnix, of counsel.

UDALL, Chief Justice.

By certiorari there is brought before· us for review an award of the Industrial Commission of Arizona denying Bert A.. Fidler, petitioner, compensation for an alleged injury. Petitioner was an employee· of Climate Control, Inc., respondent em-· ployer, which was insured by the commission. From the record it appears that on June 5, 1950, petitioner suffered an injury by accident arising out of and in the course of his employment. The accident. occurred when Fidler, who was working in a bent-over position, stood up and hit his.

head on a steel pipe. The attending physician, Dr. W. Albert Brewer, who examined him the next day found no objective signs of injury to the head, i. e., no bumps, bruises, or contusions, and it was his opinion that petitioner would be able to resume regular work within a week.

By an order dated July 17, 1950, the commission found that petitioner was entitled to accident benefits under section 56–938, A.C.A.1939, and thereafter on August 15, it made a final award reaffirming its previous order covering accident benefits, but expressly finding that "said applicant was not disabled for work in excess of seven days after said injury and therefore (was) not entitled to compensation." Application for rehearing was filed, and upon the basis of new evidence in the form of a report from Dr. John H. Green, the commission, on October 24, amended its award by allowing compensation for temporary total disability for the period August 17 to September 21, 1950. The record discloses that following treatment by Dr. Green on the latter date petitioner no longer suffers any disability, although previously thereto and subsequent to the accident he asserts he suffered severe and disabling headaches.

Shortly after the amended award of October 24, petitioner filed a second petition for rehearing stating that the amended award "is unjust and unlawful, that the evidence does not support the findings * * *," and giving as his reasons for seeking the second rehearing that the average monthly wage was not computed according to law and that the compensation for temporary total disability should relate back to the date of injury, i. e., June 5, 1950. He stated that he wished to cross-examine the medical witnesses and introduce evidence of his average monthly wage. A formal hearing was had in which all of the medical witnesses were cross-examined by petitioner with the exceptions of Drs. Green and James R. Moore whose written reports were part of the record. In addition to Drs. Brewer, John A. Eisenbeiss, and William B. McGrath, testimony was given by petitioner, his wife and a representative of the respondent employer. Thereafter on January 19, 1951, the commission decided: (1) that the original award for accident benefits be reaffirmed; (2) that the amended award of October 24 allowing compensation was improvidently entered and should be rescinded; and (3) that petitioner take nothing by his petition for rehearing. This petition for review followed.

Petitioner has abandoned his contention that he is entitled to compensation for the period from June 5 to August 17, and his sole contention now is that the commission acted in excess of its jurisdiction in rescinding its previous award of October 24, which granted compensation for the period from August 17 to September 21, in that the commission disregarded the only rea-

sonable inference that could be drawn from the uncontradicted testimony *relating to that period.*

There is little merit to this contention. Petitioner apparently has failed to recognize that in his petition for rehearing he asked for and was granted an unrestricted rehearing. His examination of the medical witnesses covered the entire period from the date of injury until petitioner was finally discharged by Dr. Green in September. Petitioner's own testimony, as well as that of his wife, and the employer's representative was not restricted to the period from August 17 to September 21. We hold then that when a rehearing is granted, without restrictions or limitations being imposed, it is reopened for all purposes and the commission is at liberty to revaluate the evidence and make such order as it deems meet in the premises. See 71 C.J. 1204, secs. 1114, 1116, and 1118; and Carter v. Industrial Commission, 76 Utah 520, 290 P. 776; Great Western Power Co. v. Industrial Accident Commission, 191 Cal. 724, 218 P. 1009; Repper v. E. Eichelberger & Co., 120 Pa.Super. 19, 181 A. 379. In the instant case since the award of October 24 had not become res judicata, the commission upon rehearing had jurisdiction to vacate it.

After painstakingly examining the complete file certified to this court, including the reporter's transcript of the testimony adduced upon the rehearing, it appears that the strongest case that can possibly be made for petitioner is that there is a conflict in the medical evidence. No useful purpose would be served in setting out in detail the views of the various doctors, for in the final analysis Drs. Green and Moore find a causal relation between the original accident and the subsequent severe headaches suffered by petitioner, whereas Dr. McGrath states positively that in his opinion there is no such causal relation. The evidence adduced from Drs. Brewer and Eisenbeiss indicate that their examinations were insufficient upon which to base a very definite opinion. Under these circumstances, the commission, as the trier of fact, was at liberty to choose whom to believe. From the beginning, this court has consistently held that where the medical evidence is in conflict and is controlling in the case, the findings of the commission are binding upon us. See Sarakoff v. Six Companies, Inc., 48 Ariz. 99, 59 P.2d 302; Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649; Caekos v. Stanley Fruit Co., 55 Ariz. 72, 98 P.2d 471; Emery v. Industrial Commission, 69 Ariz. 87, 210 P.2d 217; Hewett v. Industrial Commission, 72 Ariz. 203, 232 P.2d 850, and cf. Tashner v. Industrial Commission, 62 Ariz. 333, 157 P.2d 608.

Award affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.