461 P.2d 505

**William J. KUCHINSKI, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mountain States Telephone and Telegraph Company, Respondent Employer,**

**Mountain States Telephone and Telegraph Company, Respondent Carrier.**

**No. I CA–IC 247.**

Court of Appeals of Arizona, Division 1.

Department A.

Dec. 3, 1969.

Gorey & Ely, by Jeffrey D. Bonn and Stephen S. Gorey, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Fennemore, Craig, von Ammon & Udall, by Linwood Perkins, Jr., and Michael Preston Green, Phoenix, for respondent Mountain States Telephone and Telegraph Co.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona issued October 10, 1968, wherein it reinstated a prior findings and award of October 14, 1966, finding that although petitioner had

sustained an industrially related injury, he had not been disabled for more than seven days and was therefore not entitled to compensation.

The facts, not being in dispute, show that petitioner suffered injury to his lower back on June 15 and 30, 1966 while working for Mountain States Telephone and Telegraph Company, respondent employer. The medical testimony, however is in substantial conflict, part of which would support the Commission's findings. Petitioner urges, nonetheless, that the Commission erred in the manner in which it reached its decision, and particularly in failing to follow proper administrative procedure.

Soon after the injury petitioner applied for workmen's compensation benefits. The claim was accepted and on October 14, 1966 Findings and Award was entered, portions of which we quote:

"1.  That applicant was not disabled for work in excess of seven days after said accident and therefore not entitled to compensation.

"2.  That applicant has not sustained any disability attributable to said accident.

"3.  That applicant is entitled to accident benefits (medical expenses) through September 22, 1966."

This award carried a twenty-day clause and petitioner timely protested and petitioned for hearing.

On January 10, 1967 the Commission, after reviewing the file, entered its decision upon rehearing, rescinded the findings and award of October 14, 1966, and directed that compensation be given as may be indicated by law. At this time the employer Mountain States filed a petition for hearing within the allotted twenty days whereupon formal hearing was held before Referee David M. Schreiber on April 20, 1967. We designate this the first formal hearing. The referee's report after the first formal hearing recommended affirming the January 10, 1967 findings and award on the grounds that there was a conflict in medical evidence which he would resolve in

favor of the claimant. Thereafter, on September 15, 1967, the Commission entered its decision upon hearing, affirming the previous findings and award of January 10, 1967, and granting a twenty-day clause followed by the usual language, "Jurisdiction be and it is hereby reserved to alter, amend, or rescind this order upon good cause."

Again Mountain States filed petition for hearing, stating its reasons as follows:

"The decision upon hearing affirming previous findings and award of January 10, 1967 does not contain any specific findings of fact upon which the order was based, nor did the previous order entered herein on January 10, 1967 contain any specific findings of fact upon which the decision was based. A review of the record in this matter will show that neither award is supported by any competent evidence, nor could either of said awards be based upon any reasonable construction of the evidence on file herein."

Notice of hearing was then filed by the Commission on November 8, 1967, reciting:

"The parties are expected to submit all issues in controversy for decision at this hearing, therefore all necessary witnesses, evidence, documents, medical reports, payrolls and other essential proof must be available and ready for submission at the hearing. The above named applicant is hereby ordered to appear in person and have present all witnesses to fully present applicant's case. The above named defendant employer and defendant insurance carrier are hereby notified that they may appear and present any testimony necessary to the full presentation of their case."

At the hearing held before Referee John P. von Blum, hereafter referred to as the second formal hearing, no new evidence was presented by either side, but the transcript of the proceedings reveals that the respondent Mountain States filed the motion for rehearing for three reasons. First, it felt it was a necessary step in exhausting the administrative remedies prerequisite to appeal. Second, it wanted the Commission to make

specific findings of facts in support of the award to enable it to attack the findings and award in the appellate court. Third, it wanted to urge the Commission to reconsider the evidence presented at the April hearing which in its opinion was contrary to the January 10, 1967 award.

Referee von Blum completely reviewed the file and the transcript of the April hearing. His report contained ultimate findings and conclusions and made the following recommendation:

> "That decision of September 15, 1967 affirming decision of January 10, 1967 be rescinded and final findings and award of October 14, 1966 be reinstated with a thirty-day clause."

The Commission was in accord with Referee von Blum's report and on October 10, 1968 entered its decision upon the second hearing, rescinded its decision upon the hearing of September 15, 1967, and reinstated the findings and award of October 14, 1966. This writ of certiorari by petitioner followed.

As mentioned earlier, petitioner objects to certain procedures followed by the Commission in reaching its decision of October 10, 1968. More specifically, he argues that the Commission could not reverse its decision upon hearing of September 15, 1967 without new evidence being presented at the second formal hearing, since there is a burden upon the moving party to establish some facts justifying the change requested. In support of his argument he cites the following cases for authority: Carr v. Industrial Commission, 2 Ariz.App. 307, 408 P.2d 411 (1965); Martin v. Industrial Commission, 4 Ariz.App. 547, 422 P.2d 178 (1967); Graver Tank & Manufacturing Co. v. Industrial Commission, 96 Ariz. 34, 391 P.2d 589 (1964).

▇▇ We have reviewed the cases cited and cannot agree with petitioner that they support his argument. In the Graver case the Court merely held that where ultimate findings of fact were established in an original award and supported by the evidence, an award subsequent to rehearing based upon those findings could be affirmed where no new evidence was presented at the rehearing. In the Carr case and the Martin case the facts involved awards which were allowed to become final and are in no way controlling in the instant case where none of the awards prior to October 10, 1968 became final. As noted in the recent Arizona Supreme Court case of Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), when there is a timely protest and petition for hearing or rehearing, the effect is to set aside the previous findings and award. Once the award is so vacated, the Commission not only retains jurisdiction, but has a positive duty to enter into such further proceedings as will result in a proper award. Smith v. Industrial Commission of Arizona, 87 Ariz. 69, 347 P.2d 1010 (1959). Unless rehearing is granted for some limited purpose the case is reopened for all purposes and the Commission may reevaluate the evidence and enter such order as it deems meet in the premises. Fidler v. Industrial Commission, 72 Ariz. 250, 233 P.2d 457 (1951).

▇▇ Here the findings and award of September 15, 1967, which the petitioner argues should not have been rescinded was timely protested and petition for hearing filed, partially on the grounds that the award was contrary to the evidence. The Commission's notice of hearing made no mention of a limited scope of rehearing. Under these facts we cannot say the Commission erred, and the record supports the Commission's findings.

Affirmed.

STEVENS and CAMERON, JJ., concur.