173 P.2d 636

## KASALICA v. INDUSTRIAL COMMIS-
## SION OF ARIZONA et al.
### No. 4903.

Supreme Court of Arizona.

Oct. 14, 1946.

John Pintek, of Bisbee, for petitioner.

John R. Franks, of Phoenix (H. S. Mc-
Cluskey, of Phoenix, of counsel), for re-
spondent Commission.

James T. Gentry and Anthony T. Deddens, both of Bisbee, for respondent employer.

MORGAN, Judge.

On May 18, 1945, petitioner, who was employed as a miner by the respondent corporation in its mine near Bisbee, suffered an injury to his hearing from a concussion due to blasting. His application for compensation from the respondent employer-self insurer under the Workmen's Compensation Act, was duly filed. On February 6, 1946, award was made in favor of petitioner, and against the respondent employer-self insurer, for scheduled permanent disability for loss of hearing. On February 15 the commission received the following letter, in the form of a carbon copy and without signature other than the typewritten name of petitioner as it appeared on the carbon copy:

"This in answer to the award given to Rad J. Kasalica Case No. LL 6492 on February 6, 1946.

"And consider this letter as a protest to this award, and I request a hearing to be held as soon as possible. Let me know the day you want Mr. Kasalica to appear, so he can be on time.

"I would like to know what happened to Mr. Kasalica's compensation checks he has not received any since December, now you know this man has to eat and he is not working how do you expect him to live.

"Please explain this delay as Mr. Kasalica is depending on you to fix this up.

"I thank you,

"Rad J. Kasalica
%Arnold C. Romero
Rec. Sect. Local No. 30
Bisbee Miner's Union"

On the following day, February 16, the commission's claims manager wrote to Mr. Romero, the recording secretary of the Miner's Union, at Bisbee, as follows:

"We have for acknowledgment your letter of February 13, 1946 in connection with the above captioned case.

"If Mr. Kasalica wishes to protest the Award which the Commission issued to him on February 6, 1946, it will be necessary for him to file his Petition and Application for Rehearing, inasmuch as any protest must come from him, over his own signature."

On March 7 petitioner filed formal application for rehearing. No objection is made to the sufficiency of this formal application, and we consider it sufficient under Rule 38 of the commission's Rules of Procedure to require a rehearing. The commission denied the application on the ground it lacked jurisdiction to entertain it, the period for filing having expired.

The principal question for our consideration is whether the carbon copy of letter received by the commission on February 15

constitutes a protest extending the period for filing petition for rehearing, under the second paragraph of its Rule 37:

"In the event the party aggrieved by any award or decision of the Commission granting or denying compensation, files his written notice of protest within twenty (20) days after the service of the award or the decision complained of, said notice of protest will stay said award or decision from becoming final and will allow said aggrieved party twenty (20) days from the date of filing said written notice of protest within which to file his application for a rehearing of said award or decision at the office of the Commission. Failure to file said application for rehearing within said twenty (20) days from the filing of said written notice of protest constitutes a waiver of the right to rehearing."

 If this letter is a legal protest within the terms of the rules, the commission erred in denying petitioner's formal application for rehearing which was filed on March 7, within twenty days after the filing of protest. It will be noted that the objection of the claims manager to the letter referred to as a protest was "inasmuch as any protest must come from him, over his own signature." The rule does not so require. It merely provides for a written notice of protest. The letter filed February 15 is a written protest. It is obviously from the petitioner. The fact that it is not signed in the handwriting of the petitioner, but only in typewriting, and that it is a carbon copy, does not invalidate it as a written protest. Maricopa County v. Osborn, 60 Ariz. 290, 136 P.2d 270; Vol. 39 Words & Phrases, Perm.Ed., p. 279; Vol. 9 Words & Phrases, Perm.Ed., p. 634; Engles v. Blocker, 127 Ark. 385, 192 S.W. 193.

The commission takes the position that from the reading of the letter it is impossible to determine whether it is petitioner's letter or one from Romero. The record discloses that this position is untenable. There are a number of letters appearing in the file from Mr. Kasalica, care "Arnold C. Romero, Rec. Sect. Local No. 30." Several letters passed between the commission and Mr. Romero. The commission was therefore fully aware of the fact that Romero was handling petitioner's claim before the commission. Every inference to be indulged in is to the effect that the typed signature was both authorized and adopted by Kasalica. It was placed there obviously by Romero who had been handling his matters. The words appearing in the letter "I request a hearing to be held as soon as possible" and the conclusion "I thank you, Rad J. Kasalica" evidence that this was petitioner's letter, and not that of a volunteer.

 The record discloses that the commission had jurisdiction to accept the application filed within the twenty day period provided by Rule 37, supra. It cannot, under the circumstances existing, on the flimsy excuse that it was unable to

determine whether the letter filed February 15 was petitioner's or Romero's, divest itself of jurisdiction. While the commission is not a court of general jurisdiction, we have held that it exercises judicial functions. The same rule should apply to it as to courts generally. In 21 C.J.S., Courts, § 112, p. 170, it is said: "It is not usual to defeat the jurisdiction of any court, in civil actions, by rigid construction, where the matter is fairly doubtful, and jurisdiction may fairly be retained, * * *". The rule seems to be that if facts necessary to confer jurisdiction exist, the tribunal has jurisdiction, however imperfect the evidence of those facts is before it. Minneapolis Threshing Mach. Co. v. Ashauer, 142 Wis. 646, 126 N.W. 113. The contention of the respondents is that the record does not affirmatively show that the letter relied upon was Kasalica's or that the typewritten signature had been authorized and adopted by him. We think these elements are sufficiently shown by the record. In any event, it would appear that the actual facts did exist, to-wit, the authority of Romero to sign Kasalica's name in print, and mail the letter which would authorize the commission to accept as Kasalica's written notice of protest the carbon copy filed on February 15.

Petitioner claims that the commission erred in making the award of February 6, by relying on secondary hearsay evidence as against direct and positive testimony, with the result that his percentage of disability or injury has been greatly reduced. He also complains that certain medical bills and expenses which it appears were allowed by the award have not been paid.

In view of the disposition of this appeal, which will necessitate a rehearing, we take it that any error which may have been committed by the commission in the allowance of the award, will be corrected, and that the respondent employer-self insurer will be compelled to comply with the award in so far as payments are concerned.

The award is set aside.

STANFORD, C. J., and LaPRADE, J., concur.