176 P.2d 925

KILLEBREW v. INDUSTRIAL COM-
MISSION et al.

No. 4898.

Supreme Court of Arizona.

Feb. 3, 1947.

E. C. Locklear and Donald J. Morgan, both of Prescott, for petitioner.

John R. Franks, of Phoenix, for respondent Commission.

Byrne & McDaniel, of Prescott, for respondent Employer.

CROAFF, Superior Judge.

This is an appeal by certiorari from an award of the Industrial Commission.

Petitioner Tolbert W. Killebrew filed a claim before the Industrial Commission alleging that on July 1, 1945, he sustained an injury to his eye while employed in work in connection with a hay baling machine owned and operated by his employers, O. R. Verretto and J. J. Sullivan, Jr., and at the time alleged, was engaged in contract hay baling for one Walter A. Duncan, near Clemenceau, Arizona.

The hay baling machinery was purchased by Verretto and Sullivan and used by them in the operation of their own ranch, known as Riverside Ranch. When not so engaged, Verretto and Sullivan contracted hay baling on neighboring ranches and used the hay baling machinery in such contract work.

After the petitioner filed his claim for compensation, the Industrial Commission, upon investigation and the taking of evidence, made its Findings and Award.

"Findings

"1. That the above-named applicant, while employed in the State of Arizona, by the above-named defendant employer, sustained an injury by accident arising out of and in the course of his employment on or about July 1, 1945.

"2. That at said time said applicant and said employer were not subject to the terms of the Workmen's Compensation Law or to the jurisdiction of this Commission by reason of the fact that at said time said employer did not have three or more employees regularly employed.

"Award

"Now, therefore, it is ordered that said proceedings be dismissed by reason of lack of jurisdiction.

"It is further ordered that any party aggrieved by this award may apply for rehearing of the same, by filing application therefor at the office of this Commission within ten days after the service of this award, as provided by the rules and regulations of this Commission."

In due time petitioner made application for rehearing and the Industrial Commission, upon granting the rehearing, specified: "The purpose of this hearing is to establish whether employer had three or more employees at the time of the alleged accident. It will be necessary for the claimant to produce witnesses proving that this was the case."

Apparently the Commission was satisfied that its findings first made that claimant Killebrew "sustained an injury by accident arising out of and in the course of his employment on or about July 1, 1945," was amply supported and sustained by the evidence.

After taking of further testimony the Commission on March 5, 1946, in "Record of Commission's Action" ordered " * * * enter Amended Findings and Award, and award to be the same as that of previous findings and award." However, unexplained by the record, the Commission, on March 6, 1946, made its Findings and Award, as follows:

"Decision Upon Rehearing and Amended Findings and Award

"Heretofore on the 20th day of December, 1945, this Commission entered herein its Findings and Award, finding in effect that the Commission lacked jurisdiction in the premises and ordering that the Commission lacked jurisdiction in the premises

and ordering that the proceedings be dismissed by reason thereof.

"Thereafter applicant duly filed his Petition and Application for Rehearing; the same being granted, rehearing was held before the Commission at Prescott, Arizona, on February 5, 1946, at which hearing testimony and evidence was taken, and at the conclusion of which the matter was submitted to the Commission for decision in the premises.

"The Industrial Commission of Arizona, after having fully considered the file, records, testimony and evidence herein, and hereunto appertaining, now enters its Decision Upon Rehearing and Amended Findings and Award as follows:

"Findings

"1. That the above-named applicant claims to have sustained an injury by accident arising out of and in the course of his employment on or about the 1st day of July, 1945, while employed in the State of Arizona by the above-named defendant employer.

"2. That at said time the said defendant employer did not have in its service three or more workmen, regularly employed within the meaning of Section 56-928, Arizona Code Annotated, 1939.

"3. That the type of work in which said employer was engaged at said time, was agricultural in nature, and such employees as he did have were engaged in the use of machinery, but that said employer had not elected to come under the terms and provisions of the Arizona Workmen's Compensation Law by complying with its provisions and the rules and regulations of the Commission.

"4. That at said time said applicant and said employer were not subject to the terms of the Arizona Workmen's Compensation Law, nor to the jurisdiction of this Commission by reason of the fact that at said time, said employer did not have three or more employees regularly employed within the meaning of Section 56-928, Arizona Code Annotated, 1939.

"5. That the Commission lacks jurisdiction in the premises.

"Award

"Now, therefore, it is ordered that said proceedings be dismissed by reason of lack of jurisdiction, and that applicant take nothing against defendant by reason of his claim, his petition for rehearing or by reason of rehearing held.

"It is further ordered that any party aggrieved by this Decision upon Rehearing and Amended Findings and Award may, within thirty days after the rendition of the same, apply to the Supreme Court of Arizona for a writ of certiorari to review the lawfulness of said Decision Upon Rehearing and Amended Findings and Award, pursuant to the provisions of Section 56-972, Arizona Code Annotated, 1939."

During the taking of the testimony on rehearing the employers Veretto and Sul-

livan made the following admission: "* * * we admit that the baler and tractor require four men for its regular and ordinary operation."

In the respondent-employer's brief, it is stated:

"The persons involved when the baler was in regular and normal operation were:

"1. The tractor driver.

"2. The feeder of hay for compression in the hay baling machine.

"3. The tier of wires on the bales of hay after compression; and

"4. The so-called punch-back, who threaded the wires through the block in the hay baling form."

The respondent-employer contends that on the Walter Duncan job (during which employment petitioner claims he was injured), Veretto drove the tractor, petitioner Killebrew fed the hay, Carl Goddard tied wires, and Jimmy Duncan acted as punch-back; that neither Verretto nor his partner Sullivan contacted Jimmy Duncan to work as punch-back—his father, Walter Duncan, agreeing to furnish either himself or his boy for such work in the hay baling on the Duncan Ranch. While Jimmy Duncan deemed himself indebted to Verretto for favors in machinery lent to him in the past, he neither asked for nor received any compensation from Verretto or the partnership for his work as punch-back on the Walter Duncan job of July 1, 1945. It appears from the testimony of Jimmy Duncan that he had worked for Ver-retto and Sullivan prior to said July 1, 1945, and had been paid 50¢ an hour as punch-back, and that he had forgotten how much he had previously been paid by the same employer for "tying" and for "tractor driving." Jimmy Duncan testified:

"Q. I would like to know—was there any change in your relationship as to who was boss on the job on that day and in comparison with the days you worked and received pay for them? A. No, sir.

"Q. You were working and Rusty (meaning Verretto) was the boss? A. Yes, sir."

On this appeal by certiorari petitioner Killebrew makes five assignments of error. The first asignment of error contends that the Industrial Commission had no authority in law to change or amend its original finding "sustained an injury" to read on the final findings and award, after rehearing, "claims to have sustained an injury." Such finding on the original award served no purpose for the reason that nothing was awarded the claimant Killebrew. In the first award it was apparent the Commission under the law and its rules of procedure never intended such findings and award to become operative, conclusive, and final within ten days, the time allowed therein in which petition for rehearing might be filed. Within the time allowed, petitioner and claimant filed his petition for rehearing, which being granted by the Commission, prevented the first findings and award from acquiring

that finality and conclusiveness required by law as a basis for the application of the doctrine and rule of res judicata.

As this court held in Zager v. Industrial Commision, 40 Ariz. 479, 14 P.2d 472, and in Martin v. Industrial Commission, 63 Ariz. 273, 161 P.2d 921. [40 Ariz. 479, 14 P.2d 475] "The Workmen's Compensation Law does not specifically confer on the commission a continuing power over its awards, as is the case in compensation laws generally, but we think such power is impliedly conferred by section 1453 (56-973, A.C.A.1939) * * *."

Certainly, if the Industrial Commission has continuing power over its awards, that power exists during the period between the first findings and award and the time when, upon rehearing, the final findings and award were made, from which the matter is now by certiorari before this court.

The evidence in the record before us justifies the first finding of the Commission that the petitioner " * * * sustained an injury by accident arising out of and in the course of his employment on or about July 1, 1945." But, since the first findings and award do not partake of the necessary finality and conclusiveness required by law to apply the rule of res judicata, petitioner's first assignment of error is without merit.

The petitioner's other assignments of error (2, 3, 4, and 5) all relate to the jurisdiction of the Industrial Commission, and whether the respondent employers, at the time of the alleged injuries, being engaged in work agricultural in its nature, did have in their employ three or more regular employees engaged in the use of machinery.

A review of the evidence in the record in this case, when measured by the case of Marshall v. Industrial Commission, 62 Ariz. 230, 156 P.2d 729, clearly brings this case, and the employers and employees, within the provisions of Section 56-928, A.C.A.1939, as amended, and the Industrial Commission should have found from the evidence that the employers had in their employ at the time of the alleged injury three or more workmen or operatives regularly employed in the same business, under contract of hire, and employed in the use of machinery. The Commission apparently has placed undue emphasis upon the employment of Jimmy Duncan at the particular time of the employment on the hay baling machinery when the accident was alleged to have occurred. He had previously been so employed and paid by Verretto and Sullivan for similar work. His employment at the time of the alleged accident was for exchange of services for favors, and the fact that the services were to be compensated for in some manner not by money does not make the contract for hire any the less legal and effective. Smith v. Jones, 102 Conn. 471, 129 A. 50, 43 A.L. R. 952. As this court said in the case of Marshall v. Industrial Commission, supra. [62 Ariz. 230, 156 P.2d 731]

"The question before us is whether the legislature used the word 'regularly' in its

168

strict sense or with its other, not uncommon though inexact, significance. If the literal meaning of the word is adopted, difficulties in the practical operation of the law are at once apparent. A great many persons who continuously employ three or more, occasionally employ less. If employer by the adventitious fact that temporarily they employ less than there are thereby taken without the act, an inconstant and fluctuating test of the application of the law is established. The employer is likely to be caught unawares, and the right of the employee to compensation will be governed not by any customary or regular practice of his employer, but by the chance methods of the occasion. The legislature could hardly have intended such a result. That the legislature did not intend such a result is patent in view of the definition it gave to the term 'regularly employed'.

"The court, as the commission has done, will take judicial knowledge of the established mode or plan in the operation of many of the businesses and employments of this state, and, in the absence of compelling language in the statute, will not adopt a rule which would defeat the public policy of the state as defined in the compensation law, and render nugatory the purpose for which it was enacted. The court, like the commission, must view our industrial and economic enterprises realistically in order that both the employer and the employee with some degree of security,

may know whether the compensation act is applicable or not. Business cannot operate nor workmen feel secure on an 'off again, on again, Finnegan' basis. Workmen cannot be expected to inquire every morning whether they are insured or on their own, or the employer find himself subject to damage, a suit if one of his workmen fails to report."

This court heretofore in King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294, 296, held: "* * * For some reason, however, the legislature, in providing for the jurisdiction of the Supreme Court on review of awards of the commission, has expressly limited our jurisdiction to either affirming the award in toto or setting it aside in the same manner. We have no power to make findings of fact, to modify the award, to enter such award as it appears to us the commission should have made, or to send it back to the commission with specific instructions to make any particular kind of an award. * * *" See also Paramount Pictures, Inc., v. Industrial Commission, 56 Ariz. 352, 106 P. 2d 1024, 1027.

The award under review, brought to this court by certiorari, is set aside.

STANFORD, C. J., and LaPRADE, J., concurring.

Note: MORGAN, J., having disqualified himself, the remaining judges, under section 3 of article 6 of the Constitution, called in Honorable Thomas J. CROAFF,

Judge of Superior Court of Maricopa County, to sit with them in the hearing of this case.