347 P.2d 1010

Clyde C. SMITH, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARI-
ZONA, and WHITMAN SEED COMPANY,
Defendant Employer, Respondents.

No. 6787.

Supreme Court of Arizona.

Dec. 23, 1959.

———◆———

Pickrell, Hunter, Bartlett & Penn,
Phoenix, for petitioner.

Donald J. Morgan, Phoenix, for respond-
ent Industrial Commission of Arizona,
John R. Franks, James D. Lester, Frances
M. Long, and Edward E. Davis, Phoenix,
of counsel.

STRUCKMEYER, Justice.

Petitioner Clyde C. Smith, an airman in the United States Air Force stationed at Yuma, Arizona, sustained injuries while working on the evening shift for respondent Whitman Seed Company. The accident occurred on August 9, 1956, six days after petitioner started to work for Whitman. A claim for compensation was filed with respondent The Industrial Commission soon after the accident. On April 24, 1958, the Commission entered its award for Scheduled Permanent Disability. Two findings in that award are of importance here:

Finding No. 5—"That the average monthly wage of said applicant prior to said personal injury was the sum of $182.

Finding No. 6—"That said applicant is entitled to compensation for total temporary disability from August 10, 1956 through September 26, 1956 * * *."

Thereafter, Smith timely filed a Petition for Rehearing, asserting that Finding No. 6 was erroneous in that it should have provided for compensation from August 10, 1956 through April 9, 1958. No further action was taken until July 3, 1958, when the Commission ordered the award of April 24th "rescinded for further investigation of [petitioner's] average wage." On August 15, 1958, it entered a further award entitled "Decision on Reconsideration and Findings and Award for Scheduled Permanent Disability" which reduced the average-monthly wage from $182 to the sum of $46.53. Smith filed a Petition and Application for Rehearing to this last award for the reason that the only basis for the Petition for Rehearing of the April 24th award was to question Finding No. 6, and under these circumstances Finding No. 5 of the average monthly wage became final. The Industrial Commission granted Smith's Petition for Rehearing, but entered a third award on November 17, 1958, affirming the Findings and Award of August 15th.

On this appeal it is urged that the question of average monthly wage was not open to reconsideration and was res judicata because neither the Commission nor the defendant employer, Whitman Seed Company, protested the April 24th award. It is the position of the Industrial Commission that the doctrine of res judicata applies only to an award which has become final, and that where jurisdiction of the Commission has not been lost an award does not become final, at least in so far as it can be altered, corrected or rescinded for good reasons. It is unquestioned that an award may not be altered unless the Industrial Commission still retains jurisdiction. Steward v. Industrial Commission, 69 Ariz.

159, 211 P.2d 217; Petition of Hale, 78 Ariz. 202, 277 P.2d 1014.

The position of the petitioner in the present case closely resembles Killebrew v. Industrial Commission, 65 Ariz. 163, 176 P.2d 925. In that case, the Commission made two findings: first, that the injury arose out of the claimant's employment; and second, that the claimant was not subject to Workmen's Compensation because the employer had less than three employees. After granting a motion for rehearing for the stated purpose of examining the finding about the number of employees, the Commission sustained its earlier award, but changed the finding that the injury arose out of and in the course of employment. This court said that the Commission did not commit error in altering the findings.

"* * * Within the time allowed, petitioner and claimant filed his petition for rehearing, which being granted by the Commission, prevented the first findings and award from acquiring that finality and conclusiveness required by law as a basis for the application of the doctrine and rule of res judicata." Killebrew v. Industrial Commission, supra, 176 P.2d at page 927.

This court has also said that the granting of a petition for rehearing an award has the effect of setting aside or vacating that award, and the subsequent award on re-hearing supersedes the former. Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950.

From the two foregoing cases, it is clear that the law in this jurisdiction is settled to the extent that a petition for rehearing prevents an award from becoming final and the granting thereof effects its vacation. The distinction between the Killebrew and Wammack cases and the instant case is that the record here does not show a granting of the Petition for Rehearing. This is a distinction without a difference.

As pointed out, Smith timely filed a "Petition and Application for Rehearing" of his claim after the award of April 24th. That Smith's reason for applying for a rehearing was to attack Finding No. 6 does not change the legal effect of his moving against the award. Its finality and conclusiveness was suspended until an order denying or granting the application. If the application for rehearing of the claim is granted, the award is vacated, and the Commission has not only the jurisdiction, but a positive duty, to enter into such further proceedings as will result in a proper award.

By express statutory authority the Commission is not bound by formal rules of procedure. A.R.S. § 23–942. Hence, when the Commission, by express language, ordered its former award rescinded, the order was

72

tantamount to an order granting an application for rehearing, since its effect was to vacate the April 24th award.

The award is affirmed.

PHELPS, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.