392 P.2d 28

The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Henry Dennis, Respondents.

No. 7917.

Supreme Court of Arizona,

In Division.

May 6, 1964.

Fennemore, Craig, Allen & McClennen, by Linwood Perkins, Jr., Phoenix, for petitioner.

Robert A. Slonaker, Phoenix, for respondent Industrial Commission of Arizona, Richard J. Daniels, Robert D. Steckner, and Edgar M. Delaney, Phoenix, of counsel.

LOCKWOOD, Vice Chief Justice.

This is a proceeding to review an award of the Industrial Commission granting compensation. The award granted petitioner compensation for an injury which he claimed arose out of an industrial accident.

Henry Dennis, one of the respondents in this appeal, was employed by the Mountain States Telephone and Telegraph Company, the petitioner. On January 25, 1961, Dennis filed a claim with the Industrial Commission, stating that he had received injuries while working for petitioner on July 6, 1960. The Commission entered its Finding and Award for Non-Compensable Claim on April 6, 1961. A roughly drafted letter, apparently written by Dennis, was received by the Commission on April 11, 1961. The letter reads as follows:

"4/11/61
Phoenix, Arizona

The Industrail (sic) Commission of Arizona

To Whom Concerned
Dear Sir:

Rec'd. letter concerning a rehearing on my exident. (sic) With M ST & T Co. 7/6/60. I am under the doctors care and would like very much a Rehearing. or wait. The case is Lumbo-Sacral Spine. and I would like you to hear from either of three Doctors.
Doctor Donald Sitler MD
" Willard V. Ergenbright MD
" James D. Alway MD.

Yours truly
Henry Dennis (s)
2416 So. 19th St."

The following day the Commission sent Dennis a Petition and Application for Re-

hearing. Dennis then filed with the Commission on April 25, 1961, a short form Notice of Protest of Award. But he failed to file within the time limit of twenty days the petition for rehearing. On April 2, 1962, Dennis's attorney filed a proper form of petition for rehearing. Subsequently, the Commission awarded Dennis accident benefits and the petitioner appealed.

The sole question before this Court is the sufficiency of the evidence to sustain the findings of the Commission. When deciding this issue, this Court does not weigh the evidence, but considers it in the light most favorable for sustaining the award. McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042 (1957). The findings of the Commission, if supported by sufficient competent evidence, will not be disturbed. Savich v. Industrial Commission, 39 Ariz. 266, 5 P.2d 779 (1931).

Petitioner first contends that the Commission was without jurisdiction to grant the rehearing requested on April 2, 1962, because the award entered April 6, 1961, had become final and was res judicata. How-

ever, any issue raised by this contention can only be determined by answering petitioner's second assignment of error that Dennis's letter of April 11, 1961, did not constitute a valid petition for rehearing as required by Rule 37 of the Rules of Procedure Before the Industrial Commission of Arizona.[1] By Finding No. 5, of the Amended Decision Upon Rehearing and Amended Findings and Award of March 26, 1963, the Commission found the letter constituted a valid petition for rehearing. That same order, by finding Dennis's injury did arise out of and in the course of his employment, had the effect of rescinding the Commission's previous findings and award of April 6, 1961, thus effectuating the grant of the petition and application for rehearing. See Smith v. Industrial Commission, 87 Ariz. 69, 347 P.2d 1010 (1959) and Killebrew v. Industrial Commission, 65 Ariz. 163, 176 P.2d 925 (1947).

Petitioner argues that Dennis's letter could not constitute a petition for rehearing because it did not comply with the requirements of Rule 38, Rules of Procedure Before the Industrial Commission.[2]

1. This rule provides: "37. Rehearings; Time of Application; Protest:—Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission, 1616 West Adams Street, Phoenix 7, Arizona, within twenty (20) days after the service of the award or the decision complained of. Filing of application as contemplated above, means actual receipt of the same at the office of the Commission, and not date of mailing or date appearing on instrument. * * *"

2. This rule provides: "38. Grounds for Rehearing Must Be Set Forth:—Such application must be verified on oath, and must set forth specifically and in detail the grounds on which the applicant therefor considers such award or decision to be unjust or unlawful and every issue to be considered by the Commission.

However, it is well settled that the Workmen's Compensation Act should be liberally construed to insure employees full benefit thereunder. See Kasalica v. Industrial Commission, 65 Ariz. 28, 173 P.2d 636 (1946); Rhoades v. Lee Moor Contracting Co., 60 Ariz. 161, 132 P.2d 432 (1942); and Doyle v. Old Dominion Co., 44 Ariz. 123, 34 P.2d 401 (1934). Therefore, if Dennis's letter can reasonably be construed as having the legal effect of a petition for rehearing sufficient to vest continued jurisdiction in the Commission, it should be so construed.

█ The substance of Dennis's letter, not its form, should be the primary consideration. In the Kasalica case, supra, this Court held that a carbon copy of a letter written on behalf of the claimant was sufficient notice of protest under Rule 37 to stay an award for an additional twenty days. In Waller v. Howard P. Foley Co., 90 Ariz. 337, 367 P.2d 795 (1961), the petitioner filed an application for rehearing, alleging as follows:

"(a) If the grounds upon which such rehearing is requested are that the evidence does not justify the findings or that the findings do not support the decision or award, the application for rehearing shall state specifically wherein the findings are not supported by evidence, or wherein the decision or award is not justified by the findings.
"(b) Every ground or complaint, or defense, to such award or decision not so specified in such petition shall be deemed fully and finally waived.
"(c) Where the applicant for such re-

"That I did not have an injury of this kind prior to February 10, 1960, which my family Physician for the past 12 years, who has been consulted on all illness during past twelve years will verify. This being Dr. Paul Sizemore, 123 N. Jackson, Magnolia Arkansas.

"I have a very defective shoulder and arm (right) of which is a result of Feb. 10, 1960 injury, in addition to the injury and surgery of my spine. Surgery performed by Dr. Kenneth Jones."

Comparing the letter in the Waller case with the letter in the instant case indicates that Dennis's letter is at least as specific as the Waller petition. Consequently, we find no merit in petitioner's contention that Dennis's letter failed as a petition because of insufficient grounds pursuant to Rule 38.

Petitioner further contends that a letter not verified cannot constitute a sufficient application for rehearing under Rule 38. A split of authority exists as to the effect of failure to verify. See 71 C.J.S. Plead-

hearing desires to introduce new evidence, the application shall set forth specifically and in detail the nature and substance of the new evidence, with the names and addresses of the witnesses to be produced, the exhibits to be introduced, and a full statement why such evidence, exhibits or testimony could not have been produced prior to the rendering of the award or decision, with the exercise of reasonable diligence. Such offer of new evidence may be disregarded unless this rule is complied with. See: A.R.S. Secs. 23–105, 106, 922 and 23–941 and 23–942."

ing § 345, page 744. But it is more in keeping with the Kasalica, Rhoades and Doyle cases to apply the more liberal rule as to the effect of lack of verification in matters under the Workmen's Compensation Act. Consequently, the Commission correctly treated the petition for rehearing of April 2, 1962, as a cure of the previous defect in the letter of April 11, 1961.

Since Dennis's letter of April 11, 1961, constituted a valid petition for rehearing, the Commission properly retained jurisdiction in this matter. The award, therefore, is affirmed.

STRUCKMEYER and BERNSTEIN, JJ., concur.