445 P.2d 860

**Kenneth L. McDANIEL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and City of Tucson, Respondents.**

**No. I CA–IC 192.**

Court of Appeals of Arizona.

Oct. 21, 1968.

Rehearing Denied Nov. 8, 1968.

Review Denied Dec. 17, 1968.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, for respondent, Industrial Commission.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the respondent Industrial Commission of Arizona. The petitioner, Kenneth L. McDaniel, was employed as a motorcycle officer by the Tucson Police Department when he was injured in an auto-cycle accident on 9 June, 1965. The case was accepted for workmen's compensation benefits and it was determined that the petitioner suffered a 30% general physical functional disability with no loss of earning capacity. The initial award was protested, hearings were held, and the award which is here challenged was issued 29 January, 1968, affirming a previous award.

The question presented to this Court is whether the evidence reasonably supports the findings of the Industrial Commission that the petitioner has no loss of earning capacity.

Upon his release from medical care the petitioner reported for employment with his former employer. He was specifically tested by the Tucson Police Department to determine if he could perform the same duties he was performing at the time of the accident and it was found that he could do so. The petitioner was returned to full duty, performing the same duties as he was performing at the time of the accident and at the same salary. Prior to the formal hearing in this matter the petitioner was promoted to Sergeant.

The petitioner testified that he could no longer pass the agility test required of all applicants for police duty. There was also evidence that since he had previously passed it, he was not required to repeat it for re-employment. In addition, he testified that it was difficult for him to use his left arm in directing traffic because it tired rapidly and also that he had some limitation with his right hand which affected his ability to shoot a firearm, particularly a shotgun or rifle. However, he also testified as follows:

"Q Did your superior officers ever discuss with you or ask you if you

were able to perform any of your duties as a police officer after the accident?

"A Yes, sir, they have.

"Q What did you tell them?

"A It didn't seem to bother my work any."

Evidence was also introduced to show that the petitioner's reports indicated that he required more practice for proficiency in the handling of firearms prior to the accident as well as subsequent to the accident. Several of Sgt. McDaniel's superior officers testified at the hearing including a Division Commander, a Lieutenant, and a Sergeant. All of them testified that the petitioner performed his duties satisfactorily and that they were unaware that he had any physical limitation which would interfere with his ability to perform his duties.

■■ It is the position of the petitioner that he now has a diminished ability to sell his services in a competitive labor market and therefore should be compensated for his disability. With this contention we do not agree. There is no evidence in the record to indicate that the petitioner was re-employed by the Tucson Police Department out of sympathy or that the requirements of the position he fills have in any way been reduced or modified to accommodate his disability. Neither is there any evidence that petitioner has advanced in rank with the respondent Police Department at a slower rate than had he not been injured. Petitioner is currently employed at a salary which when adjusted for longevity and cost of living increases is equal to the salary which he received prior to the accident. Post-injury earnings may raise a presumption of at least commensurate earning capacity. Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959); Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967).

As the Supreme Court stated in the *Maness* case, supra:

"Sometime in the future, if conditions which affect his earning power should change and result in a decrease in earning capacity due to the effect of the injury, then of course he could seek a reopening of his case for a new award. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964)." 102 Ariz. at 559, 434 P.2d at 645.

It is the opinion of this Court that the evidence reasonably supports the award of the Industrial Commission.

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.