447 P.2d 569

**Higinio GUTIERREZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Arizona Highway Department, Respondents.**

**No. I CA–IC 201.**

Court of Appeals of Arizona.

Dec. 3, 1968.

Rehearing Denied Jan. 7, 1969.

Review Denied Feb. 11, 1969.

Gorey & Ely, by Joseph N. Bettini, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel by Donald L. Cross, Phoenix, for respondents.

STEVENS, Judge.

The basic issue is whether The Industrial Commission erred in failing to award compensation to an injured workman who sustained a 20 percent general physical functional disability and thereafter returned to his former employment at higher wages. It is the contention of the petitioner that notwithstanding these facts he could no longer compete for similar employment on the open labor market.

At the time of the petitioner's injury in an industrial incident on 13 December, 1965, he was an employee of the Arizona Highway Department classified as a truck driver. At that time his average monthly wage was $473. After his injury and before he returned to his employment he submitted to two separate surgical procedures on his back. He was released for work on 16 January, 1967, the doctor expressing doubt that the petitioner could fully perform his former employment involving heavy physical labor. The petitioner did return to his

former employment. The Arizona Highway Department did not have light work available for him and he continued in this former employment. He continued to suffer pain as a direct result of the industrial incident. On 23 August, 1967, an award was entered finding that the petitioner sustained a total temporary disability to 16 January, 1967; finding that as of the date of the award his physical condition was stationary; finding that the petitioner sustained a 20 percent general physical functional disability; finding that he could perform the same work he performed before his injury without loss of compensation; and further, finding that the petitioner was in need of further medicinal and medical supervision.

At that point petitioner employed counsel and a request for a formal hearing was timely filed. The petitioner protested the Commission's decision that he sustained no loss of earning capacity and urged that the "facts indicate that worth of his services on the open labor market were greatly reduced despite temporary high wages". A hearing was held where the petitioner, his wife and the petitioner's supervisor testified. The evidence was not controverted that petitioner continued to experience pain which was related to the industrial incident; that he had progressed in the pay scale from $473 a month to $494 a month in July 1967, and to $515 a month at the time of the January 1968 hearing; that he had continued his employment in his former job classification; that he was being paid highest wage scale for his job classification; that petitioner experienced some physical limitations which prevented his full performance of his job in the same manner that he performed prior to the industrial incident; that the petitioner's work was satisfactory; that if he was to be considered as a new applicant for the same job he would not be hired; and that he could not fully perform all of the various tasks which he had performed in private industry before the date of his employment with the Arizona Highway Department.

On 12 March, 1968, the 23 August, 1967 award was reaffirmed. The key finding in that award quoted as follows:

"f. Although applicant was awarded a 20% general physical functional disability, applicant failed to show how said disability in fact caused any reduction in his earning capacity at the time of the hearing."

The matter was then brought to this Court for review.

■■■ It is strenuously urged that an injured workman's present rate of pay is not the sole test in determining the presence or absence of loss of earning capacity. With this we agree. In our opinion the principles set forth in our recent decisions of McDaniel v. Industrial Commission, 8 Ariz. App. 303, 445 P.2d 860 (1968) and Lutich v. Industrial Commission, 8 Ariz.App. 347, 446 P.2d 251 (1968) apply equally in the case now under consideration. We quote briefly from McDaniel as follows:

"Post-injury earnings may raise a presumption of at least commensurate earning capacity. Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959); Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967).

"As the Supreme Court stated in the Maness case, supra:

'Sometime in the future, if conditions which affect his earning power should change and result in a decrease in earning capacity due to the effect of the injury, then of course he could seek a reopening of his case for a new award. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964).' 102 Ariz. at 559, 434 P.2d at 645."

The award is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.