461 P.2d 183

Henry DENNIS, Petitioner,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Respondent Employer,

The Industrial Commission of Arizona, and State Compensation Fund, Respondents.

No. 1 CA–IC 273.

Court of Appeals of Arizona, Division 1.

Department A.

Nov. 24, 1969.

Rehearing Denied Dec. 30, 1969.

Review Denied Feb. 3, 1970.

**8**

---

Chris T. Johnson, Phoenix, for petitioner.

Fennemore, Craig, von Ammon & Udall, by C. Webb Crockett and Michael Preston Green, Phoenix, for respondent employer.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for respondent State Compensation Fund.

. STEVENS, Judge. ·

The basic problem which is presented to this Court by the writ of certiorari to review an award of The Industrial Commission of Arizona denying the reopening of a claim is a possible conflict between the report of the doctors who participated in a group consultation and the testimony of the doctors in a formal hearing.

We recite only briefly the history of this industrial matter. The petitioner was injured in an industrial accident on 6 July 1960. A laminectomy was performed on 9 January 1962. On 5 October 1962 a formal hearing was held at which the surgeon testified. One of the issues in that hearing was the causal relationship between the 6 July 1960 episode and the surgery.

Procedural problems arose during the processing of the claim which were resolved in the petitioner's favor by the Arizona Supreme Court on 6 May 1964. Mountain States Telephone & Telegraph Company v. Industrial Commission, 96 Ariz. 72, 392 P.2d 28. Thereafter and on 11 August 1964, an award was entered for temporary disability. The award found, in part, "[t]hat the medical evidence reflects that said applicant has no physical disability *resulting* from said accident, and the Commission so finds." (Emphasis supplied.) This award became final.

The next procedural step of significance for our consideration in this opinion is the petitioner's January 1967 "Petition and Application for Readjustment or Reopening of Claim." The petition was supported by a letter from an examining doctor who reported "[i]t is estimated this patient has a general functional loss of the whole man of approximately ten per cent." The doctor did not express an opinion as to the causal relationship, if any, between his findings and the 6 July 1960 episode. An increase or rearrangement is authorized by A.R.S. § 23–1061, subsec. C. This section is supplemented by Industrial Commission Rule 64. The Rule recognizes the right to reopen upon a showing of "new, additional, or previously undiscovered disability."

The Industrial Commission convened a group medical consultation, four doctors participating. A unanimous consultation

report was filed on 2 February 1967. We quote two paragraphs of the "comments" portion of the report.

"COMMENTS: The consultants today find no new or additional disability referable to the accident of 7–6–60.

\* \* \* \* \* \*

"The consultants feel that the patient has sustained a 10% general physical disability as a result of the accident of 7–6–60 but the consultants today find no objective residuals to explain this patient's rather prominent complaints and feel the symptoms are out of proportion to the history of the injury, subsequent treatment and absence of abnormal findings."

On 27 February 1967, The Industrial Commission entered an award which recited, in part:

"Subsequent thereto (that is, following the filing of the petition for readjustment or reopening in January 1967) this Commission provided said applicant with an examination by a consulting board following which a report was submitted to the Commission wherein it was found said applicant had suffered a general physical functional disability as a result of his injury of July 6, 1960.

"This Commission having considered the file and all reports now reopens said applicant's claim and enters Findings and Award and Order Pending Determination of Earning Capacity \* \* \*:

\* \* \* \* \* \*

"2. That applicant's physical condition became stationary on February 2, 1967 and is now stationary.

\* \* \* \* \* \*

"4. That applicant has sustained an unscheduled disability as a result of said accident."

The Industrial Commission, being of the opinion that there was insufficient evidence in the file upon which to base a loss of earning capacity determination, continued its jurisdiction in that respect.

After timely procedural moves, a hearing was held which commenced on 22 May 1967 and was recessed to and completed on 12 June 1967. Thereafter the file discloses several different actions taken by the Commission and several timely petitions addressed thereto. The Commission ruled both favorably to and adversely to the contentions of the petitioner. In our opinion, to set forth a detailed history would not add to the value of this opinion as precedent. These matters were finally resolved by action taken on 26 February 1969, which was amended on 4 March 1969. The final action taken by the Commission was not favorable to the petitioner's contentions that his physical functional disability was causally related to the 1960 industrial accident. It is in this posture that the claim came to us on certiorari.

From and after the petition filed in January 1967 to the action which was taken in March 1969, every action taken by the Commission was kept open by timely procedural steps. No action of the Commission became final prior to 4 March 1969. Under these circumstances the Commission was empowered to reverse itself, to vacate earlier action favorable to the petitioner and to eventually resolve the issues in favor of the employer. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969).

It is urged that the finding of no physical impairment causally related to the 6 July 1960 industrial incident became res judicata by the finality of the 11 August 1964 award. A recent expression of the Supreme Court in relation to the finality of awards is Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (decided 7 November 1969). We prefer not to pass upon this contention in relation to the petition to reopen, it being our opinion that the issue before us is more satisfactorily resolved on the evidence before the Commission in relation to the January 1967 petition to reopen.

During the 1967 two-phased hearing following the January 1967 petition to re-

open, the four doctors who participated in and signed the 2 February 1967 medical consultation report testified. They were examined particularly with reference to the two paragraphs of the report heretofore quoted. The fair import of the testimony was that the petitioner, at the time of the consultation, did exhibit a 10% physical ·functional impairment resulting from the 1962 laminectomy but that the doctors were unable to causally relate the 1962 surgery to the 1960 industrial injury. In our opinion their testimony, which on the one hand can be said to resolve the ambiguity in their report, and on the other hand can be said to be directly contrary to the report, is a proper basis upon which the Commission could and eventually did resolve the issues adversely to the interest of the petitioner.

The award of 27 February 1969 as amended on 4 March 1969 is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.