470 P.2d 708

**Ethel BOYD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arizona Citrus Growers Respondent Employer,**

**Continental Casualty Company, Respondent Carrier.**

**No. I CA–IC 320.**

Court of Appeals of Arizona, Division 1, Department A.

June 11, 1970.

[black box]

---

1. This case was decided under the law as it existed prior to January 1, 1969.

Herbert B. Finn and Peter T. Van Baalen, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, by W. C. Wahl, Jr., Phoenix, for The Industrial Commission of Arizona.

Pain & Julian, by Donald W. Harris, Phoenix, for Carrier.

STEVENS, Judge.

The petitioner sustained a low back injury on 28 March 1966. The final action of The Industrial Commission determined that the petitioner did not sustain an unscheduled permanent partial disability as a result of the industrial incident. The petitioner seeks a review of this Commission action. The review now before us is decided under the law as it existed prior to 1 January 1969.

There was a series of hearings, all before the same referee. There were several awards, no one of which became final, each award having been timely protested followed by requests for hearings.

On 27 October 1966 the petitioner's physical condition was found to be stationary and the Commission determined that she had sustained a 5% general physical functional impairment. On 14 August 1968 she was granted accident benefits, temporary disability benefits and $55.00 a month as an award for her permanent partial disability.

There was a later, final hearing which casts discredit upon the credibility of the petitioner. Prior to the hearing the petitioner was again examined. The examination was conducted by an orthopedic surgeon who had not previously examined her. The doctor's report was essentially negative. At the final hearing one of the doctors who was a member of the Board which fixed her 5% physical functional impairment testified. His testimony disclosed that the Board reached its findings in the absence of any objective findings and that the findings of the Board were based upon the Board members' acceptance of the petitioner's statements relative to her subjective complaints.

It was after the final hearing that the Commission took the action now before us, an action taken on 7 July 1969. By this action the Commission did not disturb the prior awards for temporary disability or for accident benfits but did set aside the finding of a 5% physical functional impairment and did set aside the award for $55.00 a month for the claimed permanent disability.

■ No award having become final, The Industrial Commission was at liberty to reverse itself. In Dennis v. Mountain States Telephone and Telegraph Company and Industrial Commission of Arizona, 11 Ariz.App. 7, 461 P.2d 183 (1969), review denied, we stated on page 9 of 11 Ariz. App., page 185 of 461 P.2d:

"From and after the petition filed in January 1967 to the action which was taken in March 1969, every action taken by the Commission was kept open by timely procedural steps. No action of the Commission became final prior to 4

**390**

March 1969. Under these circumstances the Commission was empowered to reverse itself, to vacate earlier action favorable to the petitioner and to eventually resolve the issues in favor of the employer. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969)."

We have reviewed the record and it is our opinion that the attack upon the petitioner's credibility was adequate to support the final conclusion of The Industrial Commission that the petitioner had not borne her burden of proof.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.