508 P.2d 364

**Arthur Lew PEW, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**H.F–Construction Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 753.**

Court of Appeals of Arizona, Division 1, Department A.

April 10, 1973.

Rehearing Granted May 22, 1973.
See 510 P.2d 424.

Morgan & Jerome by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Industrial Comm. of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by J. Victor Stoffa, and Shimmel, Hill & Bishop, P. C. by J. Russell Skelton, Phoenix, for respondents carrier and employer.

STEVENS, Judge.

This Court again considers the problems of a workman who has lived approximately 3 score years, who has little formal education, who has engaged in heavy physical labor all of his working life, who has an osteoarthritic condition of the low back, and who after an industrial injury finds labor most difficult.

The workman is the petitioner, Arthur Lew Pew. On 24 June 1967 during his 59th year he was the operator of heavy equipment on a construction job. He received a severe jolt. The jolt threw him under the arm of the seat of the vehicle and caused a sprain to his lower back. Although his treating physician, David B.

McLaughlin, M.D., of Havasu City, Arizona, advised against continuing that kind of heavy work, the petitioner continued his employment. He worked most of the time until the job was completed which completion caused him to be laid off in June 1970. Although there is no light work in this area of the construction industry, the petitioner's understanding employer, following the industrial injury and before his lay-off, assigned him to the least strenuous portions of the work. The petitioner, although suffering pain, was able to carry on with the aid of medicines and therapy.

After the June 1970 lay-off his employer offered him further employment in a different geographical area. The petitioner was unable to accept because he could not afford the medicines and therapy necessary to permit him to work.

The petitioner has had prior low back problems. He had a low back osteoarthritic condition which preceded his 26 June 1967 injury. He had other medical problems which were not industrially related which Dr. McLaughlin stated could be medically treated and did not impair his working ability to any material degree.

In the final hearing Dr. McLaughlin held the opinion that the petitioner was unable to engage in employment of the character involved at the time of the accident. Dr. McLaughlin was unable to allocate or apportion the responsibility for this situation among the petitioner's preexisting osteoarthritic low back condition, his recurrent back sprains while working following the June 1967 injury and his other medical problems. The petitioner's age was also a factor. The evidence disclosed little, if any, employment opportunities open to the petitioner at Havasu City, the place of his residence.

Paul E. Palmer, M.D., an orthopedic surgeon, examined the petitioner on several occasions as a consultant and twice as a member of a medical consultation board considering the petitioner's problems. The report of the second medical consultation board, dated 5 April 1968, concluded that the petitioner's osteoarthritic condition had been aggravated by the June 1967 industrial accident and that a 5% general physical functional disability, then present in the petitioner, was causally related to the accident. The Commission entered an award so finding pending a loss of earnings hearing. The petitioner filed a timely request for a hearing in relation to the award and thus suspended the operation thereof and prevented it from becoming final. Russell v. The Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Kuchinski v. Industrial Commission, 11 Ariz.App. 26, 461 P.2d 505 (1969); Smith v. Industrial Commission of Arizona, 87 Ariz. 69, 347 P.2d 1010 (1959).

At the final hearing leading up to the award here in question, the petitioner testified as did Dr. McLaughlin and Dr. Palmer. We have heretofore briefly summarized Dr. McLaughlin's inability to allocate or apportion the responsibility for the petitioner's then present physical condition among the several aspects of the petitioner's age and his physical problems.

Dr. Palmer testified that in his preparation for his testimony he had thoroughly reviewed his prior reports and the consultation reports and at the time he testified at the final hearing he had concluded that he had made an error in carrying forward an opinion expressing a 5% residual disability causally related to the injury. Dr. Palmer expressed the opinion that while initially there was a temporary aggravation of the petitioner's preexisting osteoarthritic back condition, that at the time of his last examination the aggravation had ceased and that the petitioner's back was in the same condition as it had been prior to the June 1967 injury. The hearing officer adopted Dr. Palmer's opinion and found an absence of a physical disability causally related to the June 1967 injury. On consideration by the Commission, the Commission adopted the hearing officer's conclusions and entered an award which terminated temporary disability as well as accident benefits. The award declared an absence of any residual physical disability causally

related to the industrial accident of June 1967. It is this award which is before us for review.

Dr. Palmer conducted more than a file review. Dr. Palmer's participation was more than that of a member of a medical consultation board. He personally conducted several physical examinations of the petitioner. While the petitioner is, to put it mildly, most unhappy with Dr. Palmer's revised opinion, from our reading of the transcript and the exhibits we hold that the revised medical opinion presents a reasonable basis upon which to uphold the award.

The award is affirmed.

DONOFRIO, P. J., and OGG, J., concur.