510 P.2d 424

**Arthur Lew PEW, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**HF–69 Construction Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 753.**

Court of Appeals of Arizona, Division 1, Department A.

May 22, 1973.

Rehearing Denied July 3, 1973.

Review Denied Sept. 18, 1973.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by J. Victor Stoffa, and Shimmel, Hill & Bishop, P. C., by J. Russell Skelton, Phoenix, for respondents carrier and employer.

STEVENS, Judge.

We rendered our original opinion in this matter on 10 April 1973. [19 Ariz.App. 477, 508 P.2d 364]. A timely motion for rehearing was filed which was resisted. We note that in the caption of the original opinion we carried the name of the respondent employer as it was stated in the petitioner's brief. The correct name appears in the caption to this current opinion. We also note that in the second paragraph of the original opinion [19 Ariz.App. at 477, 508 P.2d at 364] we stated that the industrial injury had been sustained on "24 June 1967", whereas the correct date is 26 June 1967.

The motion for rehearing urges that in our 10 April opinion we did not give full consideration to two prior awards which had become final. On a review of the notes which we made in our study of the record and on a subsequent review of the record itself, we find that the petitioner's position in this respect is well taken. In his briefs and his oral presentation the petitioner placed great emphasis upon his belief that Paul E. Palmer, M.D., had changed his professional opinion and that The Industrial Commission erred in adopting Dr. Palmer's testimony at the last hearing. In this respect we refer to the last two paragraphs of our original opinion. [19 Ariz.App. 478 and 479, 508 P.2d at 365 and 366]. We do not recede from our expressions therein, except that we are now convinced that it was error for the Commission to adopt that testimony and to in effect thereby vacate two earlier awards which established the presence of a permanent partial physical functional impairment residual causally related to the industrial accident. We do not herein repeat the factual background set forth in our 10 April opinion.

The Industrial Commission file commenced with the petitioner's 26 June 1967 injury and at all times the file remained open until the award, now under review, was entered on 21 December 1971. The file is a difficult one to review. There are a number of procedural matters. The petitioner honored the Commission's admonitions to seek and retain employment. This employment resulted in delay in a final determination as to his loss of earning capacity. Early in the proceedings he was represented by his present counsel, who has continued to the present, yet at one time, the petitioner filed a petition on his own.

To bring this matter into perspective, it is necessary to recite a few of the highlights disclosed by the file.

█ We quote portions of the 21 May 1968 award.

"FINDINGS

"1. That applicant sustained personal injury by accident arising out of and in the course of his employment with the above-named defendant employer on June 26, 1967.

$*$ $*$ $*$ $*$ $*$ $*$

"4. That applicant has sustained an unscheduled disability as the result of said accident.

$*$ $*$ $*$ $*$ $*$ $*$

"6. This Commission finds that evidence in the file is insufficient to make an award to determine what effect said applicant's disability has on his earning capacity; therefore this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability.

$*$ $*$ $*$ $*$ $*$ $*$

"ORDER

"THIS COMMISSION HEREBY ORDERS that applicant shall make a sincere, honest and conscientious effort to find and perform work; that if applicant is now working that he continue to do so.

$*$ $*$ $*$ $*$ $*$ $*$

"IT IS FURTHER ORDERED that this Commission reserves jurisdiction under the provisions of the Arizona Work-

men's Compensation Law to make a final award and determination of compensation for permanent partial disability."

This award became final and the adjudication of the presence of an unscheduled disability causally related to the June 1967 injury became res judicata. In establishing an unscheduled residual impairment, it is not required that a magic percentage figure be set forth. Relatively small percentage disability figures can result in a large loss of earning capacity and relatively large percentage disability figures can result in an absence of a loss of earning capacity. In McDaniel v. Industrial Commission of Arizona, 8 Ariz.App. 303, 445 P.2d 860 (1968), there was a 30% physical functional disability with an absence of a loss of earning capacity.

Following the entry of the 21 May 1968 award no loss of earning capacity hearing was ever held.

The petitioner in person filed a "petition to reopen claim" on 3 July 1968 asserting that he had sustained an additional injury on 27 May 1968. This petition was granted by the Commission on 29 January 1969 by a document entitled "findings and award for new, additional or previously undiscovered disability". On 3 July 1969 the Commission entered its "additional findings and award for unscheduled permanent partial disability" fixing the petitioner's general physical functional disability at 5%. This award did not acquire the status of a final adjudication since a timely petition for hearing was addressed thereto. On 19 May 1970 the Commission held that the 3 July 1969 award was not supported by the evidence in that the petitioner's condition had not become stationary.

We proceed now to the 31 March 1971 award from which we quote:

## "FINDINGS

"1. That applicant sustained personal injury by accident arising out of and in the course of his employment with the above-named defendant employer on June 26, 1967.

\*    \*    \*    \*    \*    \*

"4. That applicant has sustained an unscheduled disability as the result of said accident.

\*    \*    \*    \*    \*    \*

"7. This Commission finds that evidence in the file is insufficient to make an award to determine what effect said applicant's disability has on his earning capacity; therefore, this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability.

\*    \*    \*    \*    \*    \*

## "ORDER

"THIS COMMISSION HEREBY ORDERS that applicant shall make a sincere, honest and conscientious effort to find and perform work; that if applicant is now working that he continue to do so.

\*    \*    \*    \*    \*    \*

"IT IS FURTHER ORDERED that this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability."

In relation to the 31 March 1971 award the petitioner, through counsel, filed a timely petition for a hearing. The State Compensation Fund did not file a petition for a hearing addressed to that award. Under date of 27 April 1971 the petitioner's counsel wrote as follows:

"I have corresponded with Mr. Pew concerning the Petition for Hearing, and he has authorized me to withdraw the same, with the thought that there will be a better interim award since he is unable to work at $700 or any other figure a month.

"Just now, he is unable to work at anything, and a substantial advance pending

**116**

permanent disability adjudication is requested."

The file reflects a series of letters and reflects the fact that the State Compensation Fund resumed the payment of temporary compensation.

We observe that the petitioner, after the timely filing of a request for hearing had expired, could not have unilaterally withdrawn his timely request for hearing had the State Compensation Fund urged that but for the petitioner's timely request the State Compensation Fund would have made its request for a hearing. The record before us reflects not only the absence of an objection to the withdrawal but a compliance with the request for the resumption of the payment of partial compensation.

Thus, the 31 March 1971 award became the second award containing a final adjudication of the presence of an unscheduled permanent partial disability causally related to the June 1967 industrial incident.

The final hearing, leading up to the 21 December 1971 award which is here in question, had but one issue, that is, the determination of the petitioner's loss of earning capacity, if any there be. The award is quoted in part:

"FINDINGS

"1. Applicant sustained personal injury by accident arising out of and in the course of his employment with the above-named defendant employer on June 26, 1967.

"2. Applicant's physical condition as a result of the industrial episode on June 26, 1967 became stationary on February 22, 1971 and is now stationary.

\*　　\*　　\*　　\*　　\*　　\*

"7. Applicant has not sustained a physical or mental disability as a result of said accident."

We hold that when the Commission in its 21 December 1971 award entered the above-quoted finding number 7, it had no jurisdiction to do so in face of the issues presented at the hearing and in face of the finality of its awards of 21 May 1968 and 31 March 1971, both of which adjudicated the presence of an unscheduled physical disability causally related to the June 1967 industrial incident.

The motion for rehearing is granted. The award of 21 December 1971 is set aside.

DONOFRIO, P. J., and OGG, J., concur.